# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 AUG 17 PM 3: 26

DEPUTY CLERK    *U*

318 • CV 2174 - L

Nina M. Coleman
_____
Plaintiff

v.

DHS/FEMA
_____
Defendant

Civil Action No. _____

## COMPLAINT

On Aug 22, 2017, Gina Helms, FEMA Personnel Security stated I was unfit for FEMA Housing Disaster Inspector position after completing an interrogatory because on OF 306 form I stated I was terminated in last 5 years that FEMAs Disaster Survivor Assistance Cadre Manager Racquel Mahone & Employee Labor Relations Specialist Pat Silva falsely terminated me and that the Agency stated it was error after I gave HR evidence, they were to reverse charge (2) of not following FEMAs travel policy: not having permission to drive a government vehicle home, not doing a cost comparison analysis and not attaching a cost comparison to travel voucher but said they would not reverse charge (1) not following supervisor's instructions and not completing travel home in 24 hours because I did not appeal in time. FEMA is aware the Office of Equal Rights Case Manager Erik Skinner told me not to respond to the cadre that they were aware I had a case and to continue my timeline for ADR mediation this is why I did not appeal, I assumed OER was working on case with DSA. I found out later that Erik Skinner lied to his office and Human Capital that he told them he told me not to respond to EEO matters, this was not true. The Agency is aware travel home by car is 21 hours without stops from VA Beach, VA to Dallas, TX. I stopped when fatigued as stated in FEMA/DHS safety manual, I reserved a hotel when dark because FEMAs safety encourages staff not to drive at dark, when normally asleep and to travel in disaster area's if possible during daylight and I had doctor's orders to stop every 2 hours and the manager that terminated me was aware of this. I also had common sense stops: meals, gas and restroom breaks and meals and gas expenses were reimbursed. On Nov 1, 2017, I received an email from Region 6 that the Customer Service position was withdrawn because FEMAs Personnel Security found me ineligible the person that conducted the background investigation was Gina Helms as well, on her witness affidavit she said she did not but Athony Clark, Personnel Security Customer Service Branch Chief  stated she did and on Jan 22, 2018 told me my file showed I was terminated Aug 22, 2017 for misconduct not following FEMAs travel policy. I stated it is not correct, I was terminated Feb 13, 2017 and the Agency was to reverse charge when was I rehired, I stated never. All travel vouchers were paid & the Agency has not told me what travel policy I did not follow and I have submitted FOIA for my personnel file but Agency has not released it.

Second incident, on Aug 29, 2017, I a black female was informed that a white FEMA employee, Cindy Shepard, whose first offense she stated was she was reported to Ofice of Equal Rights for making a racial comment.  She was allowed to complete a diversity course and received a verbal warning, Racquel Mahone said she was not counseled, Shepard told me she was, as well as Crew Lead Sally Fenley and  Esther Herrera told me Thu Ha Nguyen Group Supervisor had counseled her.  I reported Karen Mann Field Supervisor on DR4277LA to OER and filed an EEO case on Sept. 26, 2016 and Racquel Mahone reprimanded me to be in my file for 3 yrs, stating: I was counseled, had inappropriate communication with a co-worker and didn't check out on Sept 22, 2016.  Supervisors provided statements I was not counseled, I reported co-worker's harassment & supervisor sent email that she was harassed as well by co-worker & I did not check out on Sept 22, 2016 because I had legal drugs that said at home use only.

\* Attach additional pages as needed.

Date        8-16-18

Signature   _[signature]_

Print Name  Nina M. Coleman

Address     2505 Wedglea Dr. Apt. 127

City, State, Zip   Dallas, TX  75211

Telephone   214-563-5395

**U.S. Department of Homeland Security**
Washington, DC  20472

 **FEMA**

May 8, 2018

Nina Coleman
2505 Wedglea Drive
Unit #127
Dallas, TX  75211

Re:    Complaint of Discrimination
       Agency Case No.:  HS-FEMA-02350-2017
       Date Filed Formal:  October 22, 2017

Dear Ms. Coleman:

This letter is to inform you that the investigation of your complaint with the U.S. Department of Homeland Security/Federal Emergency Management Agency, Office of Equal Rights, has not been completed within the 180-day time frame.  Therefore, at this time, you have the right to request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or to file a civil action in an appropriate U.S. District Court.

If you decide to request a hearing, please complete the enclosed hearing request form and hearing request cover sheet.  The forms must be submitted to the following EEOC District Office:

> EEOC
> Washington Field Office
> 131 M Street, NE
> Fourth Floor
> Washington, DC  20507-0100

You must also send a copy of your request to the Office of Equal Rights to the address below. Failure to provide the Office of Equal Rights proper notice of your request for a hearing may result in the forfeiture of the right to pursue the hearing process.

> Regis Leo Phelan
> Acting Director, Office of Equal Rights
> Department of Homeland Security – FEMA
> 500 C Street, 4th floor
> Washington, DC  20472-3505

Should you elect to request a hearing or file a civil action, you are required to prove the case by a preponderance of the evidence which means the evidence of discrimination must be of greater

Nina Coleman
May 8, 2018
Page 2

weight than the evidence of non-discrimination.  You can find more information regarding the hearing process at:  https://www.eeoc.gov/federal/fed_employees/hearing.cfm.

In addition to the options above, you have the right to participate in alternative dispute resolution (ADR), a voluntary, confidential and mutually agreeable process which allows involved parties to explore ways to reconcile their interests in the complaint.  The EEOC encourages parties to use ADR to resolve complaints at any stage during the administrative complaint process.  Should you agree to participate in ADR, the investigation will continue *concurrently*, until either you reach a settlement agreement with the Agency, you withdraw your complaint, or the investigation is completed.  You will always have the option to elect either a hearing before an EEOC Administrative Judge, or a Final Agency Decision at any point during the ADR process.  Additional information about the federal ADR process can be found at the following link: https://www.eeoc.gov/federal/adr/facts.cfm.

In the alternative, you may wait until the investigation is complete, at which time, you will receive notice of the right to request a hearing before an EEOC Administrative Judge or to request an immediate Final Agency Decision.  If you choose to wait for the investigation to be completed, you need not take any action at this time.  The issuance of this letter does not operate to waive any of the rights granted to you by law.

Please indicate your decision by checking the space next to your election on the enclosed Complainant Election Form.  Print, sign, date and return the original completed form by mail to the <u>Office of Equal Rights, 500 C Street, S.W., Washington, DC  20472-3505</u> or e-mail it directly to your assigned Case Manager, Erik Skinner at Erik.Skinner@fema.dhs.gov.  If you have any questions, or need additional information, please contact James Montgomery, Acting Formal Unit Chief, at (202) 212-3749 or your Case Manager via telephone at (202) 212-1342.

Sincerely,

James Montgomery
Acting Formal Team Unit Chief
for
Regis Leo Phelan
Acting Director, Office of Equal Rights

Enclosures

**Statement of Understanding**

I understand that if I have not provided the agency with a copy of my request for a hearing, this request will have no effect and an Administrative Judge will not be appointed, or if appointed, the Administrative Judge will place my request into an inactive docket until such time as I inform the agency of my request for a hearing.

Sincerely,

_Nina M Co_

Complainant/Complainant's Representative

I am not requesting a hearing.
I plan to file a civil action
in an appropriate U.S. District
Court.

I do not see a Complainant
Election form enclosed. However, it
may not be needed since I am
not requesting an EEOC hearing.

Submitted kindly,

_Nina M_                    5-24-2017 2018 me
                                          me

2505 Wedglea Dr Apt 127 Dallas TX 75211

Signature of Complainant or Complainant's representative: _____
Date signed: _____

15 685 N. Cave Creek
Phoenix, AZ. 85032

$333.59
50.90
384.49

# REQUEST FOR A HEARING FORM

EEOC Hearings Unit

_____    District/Field Office

_____

_____

_____


Dear Sir/Madam:

I am requesting the appointment of an Equal Employment Opportunity Commission Administrative Judge pursuant to 29 C.F.R. §1614.108(g). I hereby certify that either more than 180 days have passed from the date I filed my complaint or I have received a notice from the agency that I have thirty (30) days to elect a hearing or a final agency decision.

My name:          _____

(Agency) Federal Emergency Management, Agency (Name)
Office of Equal Rights, (Address) 500 C Street SW, Suite
4SW-0915, Washington, D.C.  20472-3505
Agency Case No.:          _____

In accordance with section 1614.108(g), I hereby certify that I have sent a copy of this request for a hearing to the following person at the agency:

Name:  Regis Leo Phelan
          Acting Director, Office of Equal Rights

Address (if different from above)

_____

_____

_____

## HEARING REQUEST COVER SHEET

*Complainants should submit this completed form, along with their hearing request, to the EEOC at the above address, when requesting a hearing before an EEOC Administrative Judge.*

| COMPLAINANT | COMPLAINANT'S REP (If any) | AGENCY (EEO Office, or Agency representative, if known) |
|---|---|---|
| | Name: _____ | Name: _____ |
| Name: _____ | | |
| Address: ___ _____ | Address: __ _____ | Address: _____ |
| | _____ | |
| _____ | _____ | _____ |
| Phone: _____ | Phone: _____ | Phone: _____ |
| Fax: _____ | Fax: _____ | Fax: _____ |
| E-mail: _____ | E-mail: _____ | E-mail _____ |

| CLAIMS (e.g., Benefit, Constructive Discharge, Discipline, Harassment (general), Harassment (Sexual), Hiring, Promotion, Training, Terms/Conditions, Wages) | DATE(S) OF VIOLATION | BASES OF ALLEGED DISCRIMINATION (e.g., race, color, national origin, sex, religion, disability, age, retaliation) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

RELATED

PENDING CASE(S)
    (If any)

| EEOC Case No. | Agency Case No. | Assigned EEOC Judge (if any) | Status (e.g., informal, under Investigation, hearing requested, appeal filed on agency dismissal) |
|---|---|---|---|
| | | | |
| | | | |

Date of Hearing Request: _____
Date of Formal Complaint: _____

19,999.25 Dawg

~~$690~~ → Uber

$670

Texas ~~workforce~~ workforce $6,691
March 4 2018 - June 2018

7/8 — 7/21  $1,034.57 Census

~~333.00~~

$$
\begin{array}{r}
19999.25 \\
6,691 \\
\hline
26,690.2\,5 \\
1,034.57 \\
\hline
\$27,724.82
\end{array}
$$

Uber 2018
$3,033.31

$$
\begin{array}{r}
\$3,033.31 \\
670.00 \\
\hline
\$3,703.31
\end{array}
$$

$$
\begin{array}{r}
\$27,724.82 \\
-\ 6,691.00 \\
\hline
\$21,033.82
\end{array}
$$

# Exhibit F3

Racquel Mahone
former FEMA DHS
Disaster Survivor Assistance
Reservist Program Manager

IN THE EEO COMPLAINT OF NINA COLEMAN

UNITED STATES DEPARTMENT OF HOMELAND SECURITY

FEDERAL EMERGENCY MANAGEMENT AGENCY

COMPLAINT NUMBER: HS-FEMA-02350-2017

AFFIDAVIT OF RACQUEL MAHONE

Paul Benkert is the EEO Investigator in this case and explained to me that he was investigating the EEO complaint filed against the United States Department of Homeland Security, Federal Emergency Management Agency (FEMA), by Nina Coleman wherein she alleges that:

Complainant was allegedly discriminated against and subjected to disparate treatment on the basis of race (African-American) and retaliation (prior EEO activity 2016) when:

1.    In June 2017, Complainant applied for several Cadre positions and was selected but the offers were withdrawn later because of the unsuitability determination by FEMA Office of Chief Security Officer based on her previous termination from FEMA.
2.    On August 22, 2017, Complainant was not selected for a contract position when she was determined to be unsuitable by the FEMA Office of Chief Security Officer because she was previously terminated from FEMA.
3.    On September 29, 2017, Complainant learned that she was treated differently than a similarly situated White female supervisor who was not disciplined for actions for which Complainant previously was reprimanded and terminated.

**I have an obligation to cooperate fully with the investigator, who has been assigned to conduct a thorough and impartial investigation of this complaint of discrimination. My statement is made under oath (or affirmation), without a pledge of confidentiality; in accordance with the rules, regulations, policies, and procedures of the Equal Employment Opportunity Commission and the United States Department of Homeland Security - FEMA. I further understand that my statement will become part of the official record in this case, and may be reviewed by the Agency, other Management Officials charged, and their representatives, and any person necessary to the adjudication of this claim. I have the right to be represented by a person of my choice during presentation and/or preparation of my statement (so long as my choice does not result in a conflict of interest).**

**I have the right to review my statement prior to signing it, and may make corrections if it is incomplete or inaccurate. I have a right to receive a copy of the signed statement.**

1.  Please state your name, former position title, series and grade and organizational unit.

    Racquel Antoinette Mahone, DSA Reservist Program Manager, GS-13, Office of Response and Recovery.

2.  How long have you held that position?

Initials 

Since September 18, 2016, but I was the Acting Program Manager before that.

3. During the time period relevant to the complaint who were your first and second-line supervisors?

   1st – Shannon Benson DSA Cadre Coordinator
   2nd – Faye Green, Cadre Management and Training Branch Chief

4. What is your race?

   African American

5. Were you aware of the Complainant's prior EEO activity prior to the actions at issue?

   I was aware of a case she filed in 2016. Anything before that I was not aware of.

6. Have you ever filed an EEO complaint?

   Yes, years ago, but it was settled informally through ADR.

7. During the time period relevant to the complaint, what, if any, organizational relationship did you have regarding her?

   I was her supervisor of record.

8. Why was Ms. Coleman terminated?

   Initially she received a written reprimand for some conduct issues; failure to follow demobilization procedures. Ms. Coleman was deployed to Louisiana. I sent the documentation to ELR, and they were leaning towards termination then; but we asked that she not be terminated because there had been no other issues in her file here in HQ. They returned with the recommendation for a written reprimand instead of termination. So I issued that written reprimand to her for the Louisiana incident.

   A few months later, she was deployed in Virginia and another incident occurred where she failed to follow demobilization procedures and not following policy. She drove a vehicle more than is normally allowed. Her supervisor thought she had a Reasonable Accommodation for a disability, so she let her keep on going with the car rental. But another issue was the she had been instructed that all travel had to end by a certain time, but she did not complete it by that time. Mary Dawson was her branch director at the time.

   We worked with Margarita Veltri from HR on that issue. Recommendation to Terminate can from Labor Employee Relations (HR) and I agreed with the recommendation based on the prior reprimand.

Initials 

9.  What, if anything, do you know regarding the Complainant applying for several Cadre positions and either not being selected, or having the offers withdrawn later because of the unsuitability determination by FEMA Office of Chief Security Officer based on her previous termination from FEMA.

    I do not have any involvement in Ms. Coleman seeking employment and Security would be the one to flag the termination.

10. What, if anything, do you know regarding the Complainant not being selected for a contract position when she was determined to be unsuitable by the FEMA Office of Chief Security Officer because of her termination?

    Ms. Coleman was the first termination I handled sending the paperwork out. I sent her an email about termination on the effective date. When I sent it in the mail the first time, I didn't send it with a return receipt. I have documentation that she had emailed her EEO counselor that she did receive it, the very same day. She received the second one a few months later.

11. She states that she was treated differently than a similarly situated White female supervisor who was not disciplined for actions for which the Complainant had been reprimanded and terminated. She states that the other woman was Cindy Shepard, who asked a female African American employee why African Americans don't swim.

    That was a very difficult conversation to have with Ms. Shepard. I'm African American. I did talk to LER about the incident. That was not a violation of policy; it was more of an issue of her being rude and insensitive to one of her co-workers. LER recommended that I have the discussion with her and I also required her to take diversity training. It wasn't the same offense as Ms. Coleman, so we didn't treat it as the same offense. Also, this was not Ms. Coleman's first offense. She had received a written reprimand previously for not following instructions.

12. What, if any, involvement did you have in her non-selection?

    None

13. Was the Complainant's race a factor in anything you did regarding her?

    No

14. Was the Complainant's prior EEO activity a factor in anything you did regarding her?

    No

15. Is there anything you would like to add?

    No.

Initials 

## Oath

I, Racquel Mahone, have read the above affidavit and being duly informed, and understanding of the penalties for perjury, duly swear under oath that the statements made in this affidavit are true and correct and complete to the best of my knowledge.

_____
Racquel Mahone

_____5/15/2018_____
Date

Initials

# Exhibit F2

Gina Helms, FEMA Personnel Security Specialist, knowing placed false information in my file to prevent me from job opportunities.

# IN THE EEO COMPLAINT OF NINA COLEMAN

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY

## FEDERAL EMERGENCY MANAGEMENT AGENCY

### COMPLAINT NUMBER: HS-FEMA-02350-2017

### AFFIDAVIT OF GINA HELMS

Paul Benkert is the EEO Investigator in this case and explained to me that he was investigating the EEO complaint filed against the United States Department of Homeland Security, Federal Emergency Management Agency (FEMA), by Nina Coleman wherein she alleges that:

Complainant was allegedly discriminated against and subjected to disparate treatment on the basis of race (African-American) and retaliation (prior EEO activity 2016) when:

1.    In June 2017, Complainant applied for several Cadre positions and was selected but the offers were withdrawn later because of the unsuitability determination by FEMA Office of Chief Security Officer based on her previous termination from FEMA.
2.    On August 22, 2017, Complainant was not selected for a contract position when she was determined to be unsuitable by the FEMA Office of Chief Security Officer because she was previously terminated from FEMA.
3.    On September 29, 2017, Complainant learned that she was treated differently than a similarly situated White female supervisor who was not disciplined for actions for which Complainant previously was reprimanded and terminated.

**I have an obligation to cooperate fully with the investigator, who has been assigned to conduct a thorough and impartial investigation of this complaint of discrimination. My statement is made under oath (or affirmation), without a pledge of confidentiality; in accordance with the rules, regulations, policies, and procedures of the Equal Employment Opportunity Commission and the United States Department of Homeland Security - FEMA. I further understand that my statement will become part of the official record in this case, and may be reviewed by the Agency, other Management Officials charged, and their representatives, and any person necessary to the adjudication of this claim. I have the right to be represented by a person of my choice during presentation and/or preparation of my statement (so long as my choice does not result in a conflict of interest).**

**I have the right to review my statement prior to signing it, and may make corrections if it is incomplete or inaccurate. I have a right to receive a copy of the signed statement.**

1.  Please state your name, position title, series and grade and organizational unit.

    Gina Helms, Personnel Security Specialist, GS-11, Intake and Compliance Branch, Office of Chief Security Officer (OCSO), FEMA.

2.  How long have you held that position?

3 years

3. During the time period relevant to the complaint who were your first and second-line supervisors?

1st – Jennifer Baker-Francis, Section Chief
2nd – Cecelia Nedeau, Branch Chief, Intake and Compliance Branch

4. What is your race?

Caucasian

5. Were you aware of the Complainant's prior EEO activity prior to the actions at issue?

Looking through my notes, one of the things she did say in one of her responses was that she contacted EEO. I don't see anything that saying she had filed an EEO complaint. But she say in one of her responses that she had contacted EEO, so I was aware she had contacted them, but not that there was anything official that had been filed.

6. Have you ever filed an EEO complaint?

No

7. During the time period relevant to the complaint, what, if any, organizational relationship did you have regarding her?

No

8. What role did you play, if any, regarding the unsuitability determination regarding Nina Coleman's application for a position with a FEMA contractor?

I am an adjudicator. When a case is identified as having a possible issue which might be a concern to the position of a housing inspector, it is sent to adjudications to give the subject the opportunity to provide an explanation and/or documentation that may be able to mitigate the concern(s). The issue would be identified by the information the subject provided on one of the forms, information the subject was required to provide or by information provided from the subject's credit report or finger print check which is completed during the background screening process. The section I work in receives cases for the Housing Inspector Section which is contracted out to WSP and Vanguard. After the information is reviewed and a possible issues is identified, a Letter of Interrogatory (LOI) is sent to the subject to give them a chance to address whatever the possible issue is. Our determinations for Pre-Appointment are made in accordance with the guidance found in 5 CFR 731 or its equivalent, and the Suitability Process Handbook which is issued by OPM.

Initials _____

I did handle the adjudication for Nina Coleman. She was not granted pre-appointment based on Employment misconduct as defined in the guidance we follow. The decision was based on information she had self-disclosed concerning her termination on her OF-306.

Termination is absolutely not automatically disqualifying for us; there are a couple of factors we look at when someone has been previously terminated. The main factors for Employment are Misconduct and Negligence. We can also look at patterns in conduct and recency of the conduct or termination; her termination had been less than 6 months before my review. I requested information from HR as to the reason for her termination. HR forwarded her termination letter which stated she was terminated for misconduct. Even if the subject hasn't been terminated, her conduct can be considered a factor.

I sent her a Letter of Interrogatory which gave her the opportunity to provide an explanation. She did provide several replies, but her explanation did not mitigate the concern. I then made the unfavorable determination. However, after I make the initial determination, it goes to a first level reviewer and then a second level reviewer. They look at all the information again and either agree or disagree. In Ms. Coleman's case, the first level review was done by Karen Lane, Senior Adjudicator, and the second level review was done by Cecilia Nedeau, the Branch Chief.

9. Did you have anything to do with the unsuitability determination regarding her application for employment with FEMA itself? Is your determination binding for that purpose?

I did not have anything to do with any other determination other than the Entrance on Duty (EOD) for Pre-Appointment for the contractor Housing Inspector Services position. My section only does determinations for contractors who hire for housing inspector contract positions (normally Vanguard and Alltech aka-WSP). We do occasionally help the other sections when they are behind, but I did not have anything to do with Ms. Coleman's FEMA application.

Within FEMA, one section can look at the decision made by another section, and note it, but people can, and do, provide information that mitigates the other determination and can be found favorable when they re-apply at a later date. If we need to, we can look at other determination, but I don't have to follow it. Each application is a whole new situation and they do have opportunity to give further explanation which can make the determination different outcome. I have personally seen, countless times, people who have had unfavorable determinations, including determinations made because of a previous termination for misconduct, receive a favorable determination at a later time or for a different position. For example, if Ms. Coleman's application had been a year later, the outcome might have been different. I can't say one way or the other; it depends upon the information she would have provided at that time. We have the guidelines that we follow.

10. Was the Complainant's race a factor in anything you did regarding her?

I had no knowledge of her race. I guess if I looked deep enough I could find out; her race is provided on the finger print check, which is always obtained during the background

Initials _Htt_

screening. I don't ever look at that particular information when checking the fingerprint results. I am looking for derogatory conduct and the date which it occurred. When processing a case, I consider only relevant information. Ms. Coleman's race was not relevant.

11. **Was the Complainant's prior EEO activity a factor in anything you did regarding her?**

As I said above, according to my notes she did mention in one of her responses she had contacted the EEO office. However, that would not have any bearing on the determination and it did not have any bearing on my determination regarding her.

12. **Is there anything you would like to add?**

We just follow the guidelines and consideration was based on the information the applicant did or did not provide. I would like state in this case I was not determining suitability, but determining EOD for Pre-appointment for the contract Housing Inspector Service (HIS) position. All employment is conditional upon the subject being able to receive a favorable background check.

## Oath

I, Gina Helms, have read the above affidavit and being duly informed, and understanding of the penalties for perjury, duly swear under oath that the statements made in this affidavit are true and correct and complete to the best of my knowledge.

_Gina C. Helms_
Gina Helms

4/23/2018
Date

Anthony Clark
Investigation
Statement

He is former FEMA Personnel
Security Customer Service Branch
Chief that told me my Personnel file
said I was terminated
Aug 22, 2017 for misconduct
not following FEMA's travel policy.
In is Statement it was not
stated cause just terminated
and investigator did not go into
detail or ask additional questions

Investment and insurance products:

**Are Not FDIC Insured**          **Are Not Bank Guaranteed**

**Are Not Deposits**          **Are Not Insured By Any**          **Any I**
                              **Federal Government Agency**

Banking, credit card, automobile loans, mortgage and home equity products are provided by Bank of America, N.A. and affilia
owned subsidiaries of Bank of America Corporation. Credit and collateral are subject to approval. Terms and conditions apply.
Programs, rates, terms and conditions are subject to change without notice.

Investing in securities involves risks, and there is always the potential of losing money when you invest in securities. You shou
transactions that may have tax or legal implications with your personal tax or legal advisor.

Merrill Lynch is the marketing name for Merrill Lynch and Merrill Edge® which are made available through Merrill Lynch, Pierc
(MLPF&S).

Merrill Lynch Wealth Management makes available products and services offered by MLPF&S and other subsidiaries of Bank
available through Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPF&S) and consists of the Merrill Edge Advisory Cer
directed online investing.

Securities products are provided by MLPF&S, a registered broker-dealer, Member SIPC, and a wholly-owned subsidiary of Ba

Insurance Products are offered through Merrill Lynch Life Agency Inc.(MLLA), Bank of America, N.A. and/or Bank of America
are licensed insurance agencies and wholly-owned subsidiaries of Bank of America Corporation.

Bank of America, N.A. Member FDIC. Equal Housing Lender 🏠

©2018 Bank of America Corporation. All rights reserved.

IN THE EEO COMPLAINT OF NINA COLEMAN

UNITED STATES DEPARTMENT OF HOMELAND SECURITY

FEDERAL EMERGENCY MANAGEMENT AGENCY

COMPLAINT NUMBER: HS-FEMA-02350-2017

AFFIDAVIT OF ANTHONY CLARK

Paul Benkert is the EEO Investigator in this case and explained to me that he was investigating the EEO complaint filed against the United States Department of Homeland Security, Federal Emergency Management Agency (FEMA), by Nina Coleman wherein she alleges that:

Complainant was allegedly discriminated against and subjected to disparate treatment on the basis of race (African-American) and retaliation (prior EEO activity 2016) when:

1. In June 2017, Complainant applied for several Cadre positions and was selected but the offers were withdrawn later because of the unsuitability determination by FEMA Office of Chief Security Officer based on her previous termination from FEMA.
2. On August 22, 2017, Complainant was not selected for a contract position when she was determined to be unsuitable by the FEMA Office of Chief Security Officer because she was previously terminated from FEMA.
3. On September 29, 2017, Complainant learned that she was treated differently than a similarly situated White female supervisor who was not disciplined for actions for which Complainant previously was reprimanded and terminated.

**I have an obligation to cooperate fully with the investigator, who has been assigned to conduct a thorough and impartial investigation of this complaint of discrimination. My statement is made under oath (or affirmation), without a pledge of confidentiality; in accordance with the rules, regulations, policies, and procedures of the Equal Employment Opportunity Commission and the United States Department of Homeland Security - FEMA. I further understand that my statement will become part of the official record in this case, and may be reviewed by the Agency, other Management Officials charged, and their representatives, and any person necessary to the adjudication of this claim. I have the right to be represented by a person of my choice during presentation and/or preparation of my statement (so long as my choice does not result in a conflict of interest).**

**I have the right to review my statement prior to signing it, and may make corrections if it is incomplete or inaccurate. I have a right to receive a copy of the signed statement.**

1. Please state your name, former position title, series and grade and organizational unit.

   Anthony Clark, Personnel Security Specialist, GS-13, Personnel Security Division. At the time I spoke with Ms. Coleman, I was Branch Chief of Customer Service.

2. How long have you been a Personnel Security Specialist?

Initials 

Since 2011

3. During the time period relevant to the complaint who were your first and second-line supervisors?

Current
1st – Cecilia Nadeau, Branch Chief, Federal Adjudications Branch
2nd – Kimberly Brown Davis, Division Director

At the time of this case
1st – Kimberly Brown-Davis
No second level supervisor

4. What is your race?

African-American

5. Were you aware of the Complainant's prior EEO activity prior to the actions at issue?

No

6. Have you ever filed an EEO complaint?

No

5. During the time period relevant to the complaint, what, if any, organizational relationship did you have regarding her?

No

6. What, if anything, do you know regarding her not being hired as a FEMA employee or a contract employee in 2017?

I don't know anything about that. I have no involvement in the selection process. I only know that she tried to come on as a local hire, which is a FEMA position, and can be a temporary position due to a disaster. When there is a disaster declared, FEMA can do an expedited hire process and we do the vetting for any individual that is hired. When she was offered the job, she was given paperwork to fill out. When she returned her paperwork, it was forwarded to us for a suitability determination. We look only at what she has answered in the paperwork.

She was deemed to be unsuitable, but I didn't make the decision; Gina Helms handled her case. Ms. Coleman had been a reservist and had been terminated; the issue was misconduct. Right behind her termination she was trying to get picked up by a contracting company, which is subject to the expedited process. In the expedited process that makes her unsuitable automatically.

Initials

7.  Is there a policy that says that?

I only know about the policies we have that we follow. I don't know what policies HR follows for hiring.

8.  Why did she talk to you?

She kept calling back and forth to us, asking questions about why she was found unsuitable. She was talking to Gina Helms, and maybe others of my employees, and they told me she kept calling so as branch chief, I finally talked to her. I just called her on the customer service line. She wanted to know why she was denied. I told her that she had been terminated for misconduct, but she didn't understand it or didn't agree with it. But not agreeing with the policy does not make it wrong. Vetting an individual fully takes a lot of time, and you can't do that when there is a disaster.

9.  Is there anything you would like to add?

She kept saying that it was all tied in together, like we were cooperating with HR or the reservists managers to keep her out of FEMA. I tried my best to explain that's not how it works – that we have nothing to do with that part of the agency. She just wouldn't take that.

### Oath

I, Anthony Clark, have read the above affidavit and being duly informed, and understanding of the penalties for perjury, duly swear under oath that the statements made in this affidavit are true and correct and complete to the best of my knowledge.


_Anthony Clark_                                    _5-22-2018_
Anthony Clark                                       Date

# REBUTTAL

## IN THE EEO COMPLAINT OF NINA COLEMAN

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY

## FEDERAL EMERGENCY MANAGEMENT AGENCY

## COMPLAINT NUMBER: HS-FEMA-02350-2017

## AFFIDAVIT OF NINA COLEMAN

# REBUTTAL TO EXHIBIT F3 – ANTHONY CLARK

I feel the questions asked by the investigator were vague and did not ask all important questions. Such as, did Mr. Clark inform me that I was terminated on Aug 22, 2017 for not following FEMA's travel policy. Is this the reason why Ms. Coleman was denied security clearance and/or the position withdrawn? Did the Agency place the false termination date and did not reverse the charge of following FEMA's travel policy as a form of retaliation?

1. On question 6, Mr. Clark stated I filled out paperwork and returned it. I filled out the paperwork at the FEMA office in Denton and submitted it while there. Please see attached OF306. I advised I filed a case and had to wait for mediation (since Gina Helms conducted background investigation for this position also, she had to see I had a case on the OF306, unless she did not read it and as soon as she saw my name she said not suitable.) I really thought at this time they would not want to hire me knowing I had been terminated, so I was really shocked when I received the withdrawal email. This would be one of the reasons I felt Employee Labor Relations and Personnel Security Background would be working together. Mr. Anthony Clark acts as if someone falsely placing information in your file is legal and acceptable. Why wouldn't I feel ELR, Personnel Security and Office of Chief Counsel are working together if they all placed false information in my file and know it's there to prevent me from every being hired with FEMA and/or as a corrective measure in their eye-sight to keep me from being employed for 3-5 years as punishment.

Mr. Clark, also stated, right behind her termination she was trying to get picked up by a contracting company.  I was hired by Vanguard previously and did not accept the position, I believe it was 2015.  We could not work for both and since I was fired with FEMA as a reservist, why couldn't or wouldn't I try to immediately find work elsewhere.  I need to work.  I am a single mother of three girls.  So, I reapplied with Vanguard but I could not do the security check at the time because they said I was still employed with FEMA, background security said I did not answer back in time and said I was non-compliant and that I had to wait 90 days to request another background investigation.  My 90 days was after May 2, 2017.  I contacted Vanguard and informed them, I was ready to proceed with the investigation and that I had a case but Dan Matzer with Vanguard told me to wait until my issue with FEMA was over before requesting the background check, so I did not at this time.   I reached out to the local EEOC about his comment and was told I had to file a complaint with FEMA because they conducted the background investigation.

2.   Question 7, is vague, is there a policy that says what?  However, Mr. Clark answered: He only knows about the policy he follows and not Human Capital's policy's (HR).  Why would Mr. Clark providing me information that I was falsely accused of being terminated on Aug 22, 2017 for not following FEMA's travel policy have to do with what policy personnel security customer service follows.  Also, he hasn't followed all the policies, because when I asked for my personnel records Mr. Clark and neither of the people he advised me to contact would contact me back or provide me my personnel files.

3. Question 8, Mr. Clark is asked why did she talk to you?  Mr. Clark lied and said I kept
   calling back and forth to us, asking questions about why I was found unsuitable and that
   I talked to Gina Helms and maybe others and that he finally spoke with me.
   **This is not true.**  When I received the email that my security clearance was denied and it
   was the reason the position was withdrawn, I contacted the department listed on the
   email: FEMA background compliance division immediately and asked why I was denied
   security clearance, no one replied.  Later, I looked up OPM policies and it stated they
   would like reservists to be treated like permanent positions when denied a CORE or PFT
   position that they should provide them a Statement of Reasons or Letter of Intent.  I
   contacted Morgan Kinney, the attorney, working my MSPB case and asked why I had not
   received the letters, she stated she spoke to security and that I had not applied for a
   position that would be denied security clearance.  When I mentioned this to Mr. Clark
   he informed me that, Nirali Mehta-HR Specialist who sent the withdrawal letter perhaps
   used the incorrect term that I did not receive the position because I was a negative
   employee, that I was terminated August 22, 2017, for not following FEMA's travel policy.

   **I was not aware of a personnel security customer service unit, until 1-18-18 when
   Michelle Trimmer in Human Capital informed me of them.  I had never heard of them.
   I was contacting Human Capital for questions I had about who to report OER to, who
   do you report managers to that manage the managers and why was I denied security
   clearance, she said some issues may have been found and provided me personnel
   security customer service number.** *See my call notes.*

**On 1-18-18 (I mistakenly put 1-18-17 on my notes but it was 1-18-18), I spoke with Freeman and after she looked up my case, she said she would print the file and put it on the supervisor's desk and if I did not hear from someone soon or by Friday and in a few days to call back.  I asked, who was her supervisor, she said she could not provide me that information.  After this conversation I did not speak to anyone in personnel security until I made contact with Mr. Clark.**  *Please see my cell phone record.*

Mr. Clarks additional last statement is accurate.  I felt the agency as a whole is in on DSA's retaliating against me.  Why else would they knowingly place false information in my file to find me unsuitable for positions, then Office of Security Intake and Compliance Branch Chief state no matter what I perceive she in not removing the information until Employee Labor Relations or Office of Chief Counsel tell her to and now Mr. Clark graciously states I was terminated for misconduct but does not tell the investigator misconduct for what.  There is not misconduct, my travel vouchers were all paid and accurate, therefore, I did follow FEMA's travel policy.

*see email from travel unit*

DSA Cadre Manager, Racquel Mahone accused me of wrong doing, she knew I had a cost comparison, she knew Mary Dawson approved me driving home, and she knew Mary Dawson told me to continue traveling when I stated I could not complete travel home in day.  **She also knew I had doctor's orders to stop every 2 hours.**  They all have upheld her in her, Faye Green, Pat Silva and Robyne Jackson in their wrongdoings and have gone as far as to place false information in my file by Gina Helms and Cecilia Nadeau to punish me for practicing safety on DR-4277-LA because I did not drive home while on legal drugs that said "at home use only" and asked to wait for a family member or to finish my medicine and practiced safety on DR-4291-VA as directed in the DHS, FEMA Safety Manual and FEMA's Safety Orientation Course IS35; stopped when fatigued, drove during daylight, and followed the speed limit.  I naturally had to get gas, meals and have a rest room break.

Mary Dawson and Racquel Mahone, knew I lived in Dallas, TX. It's a long distance from VA Beach. Employee Labor Relations, in which Patricia Silva works closely with DSA Cadre tried to say Mary Dawson signed the cost comparison in error. Ok, this is not my fault. Human Capital stated that cadre admitted an error but only one charge would be reversed when I appealed both charges at the same time and they go hand in hand. This is additional retaliation.

As well, Racquel Mahone, had documents where Mary Dawson stated she thought my travel was one day travel.

Office of Chief Counsel has emails where Mary Dawson the field supervisor on DR-4291-VA and the Chief of Staff were done with the issue and I was advised to continue traveling. Racquel Mahone took it upon herself to have me terminated to finish out her plan from DR-4277-LA when I was reprimanded.

During the DR-4277-LA incident, the agency wanted me terminated because of my 2013 EEO case against another supervisor who I felt discriminated by demoting me and then sent me to the field where her friends were and I was told the first day I arrived there I was demobbing that Friday when I contacted my field supervisor he said it was not true and I remained one more week. DSA Field supervisors use demobilizing staff they do not like or discriminate against. Racquel Mahone reported I had not been reported for any other offense so to make it look good for my first offense she sought a reprimand this was only to plan out the termination. She told me twice after giving me the reprimand, just don't get in trouble Nina, just don't get in trouble. Her termination was premediated, Mahone and Pat Silva made up the charges to terminate me, they never asked me what I did or did not do, where is the due process here.

They of course thought I did not have a signed cost comparison, when making up the charges. If you read the termination it tells you I need the cost comparison to travel any other means than air. Mahone has gone as far as to lie to the investigator that is handling my 2016 case, she said on this affidavit that the cost comparison approved travel by car but not distance. This doesn't make any sense and is not true, you only have to turn in a cost comparison when you travel by any other transportation then by air and **over 300 miles.** Therefore, is you only have to provide a cost comparison when traveling by any other means than air and only if traveling more than 300 miles then distance is a part of the cost comparison. Seems a lot of managers are in place that are not aware of FEMA's travel policy and them being not aware has caused me all this emotional grief.

Anthony Clark should be reprimanded for lying.

Gina Helms, Cecilia Nadeau, Patricia Silva and Robyne Jackson terminated for placing false information in my file.

Racquel Mahone and Faye Green terminated for falsely accusing me of wrongdoing and are the cause of all this turmoil: scandalizing my name, making me out to be a person with misconduct issues, making up false charges on reprimand and termination which caused me to lose job offers: PA Admin Assistance, WSP and Vanguard Inspections, IA, Planning and DFTO positions, Local Hirer position and all because of falsely accusing me of wrong doing due to discriminating and retaliating for Karen Mann who discriminated on the original case filed in 2016 based on retaliation, race and religion.

Signature

FINAL REBUTTAL HEVMS

# REBUTTAL

## IN THE EEO COMPLAINT OF NINA COLEMAN

## UNITED STATES DEPARTMENT OF HOMELAND SECURITY

## FEDERAL EMERGENCY MANAGEMENT AGENCY

## COMPLAINT NUMBER: HS-FEMA-02350-2017

## REBUTTAL OF NINA COLEMAN

# REBUTTAL TO EXHIBIT F2 – GINA HELMS

1. On question 5 of Gina Helms witness affidavit she was asked if she was aware of the Complainant's prior EEO activity prior to the actions at issue?

*Gina Helms' response: Looking through my notes, one of the things she did say in one of her responses was that she contacted EEO. I don't see anything that saying she had filed an EEO complaint. But she say in one of her responses that she had contacted EEO, so I was aware she had contacted them, but not that there was anything official that had been filed.*

❖ **Rebuttal to question 5:** Gina Helms' answer shows she was aware of my protected activity; it does not matter whether formal or informal.

❖ Patricia Silva in Employee Labor Relations also made Gina Helms aware of my reprimand which the signed reprimand stated I have contacted EEO because I felt the reprimand was in retaliation. The reprimand advised if I felt it discrimination that I could contact EEO.

❖ Gina Helms' answer is indirect like most in the leadership role that I have encountered with my EEO cases. These are supposedly educated and experienced people in these roles and this is a yes or no question that I am sure they are able to understand but selectively answer in a contradictory manner or indirectly.

❖ Gina Helms was aware in numerous ways I had contacted EEO, in the LOI-Letter of Interrogatory that I had to respond to, and provided supporting documents in which there was an email from FEMA's EEO **(Formal Unit Chief)** James Montgomery that stated my ADR/Mediation was scheduled (this made her aware I was not just in contact with EEO) and this email stated I felt I did not get a fair chance to appeal the decision of not reversing all charges after I showed proof that I did follow FEMA's travel policy and that the Agency would reverse charge number 2: not following FEMA's travel policy. They would not reverse charge #1: not following supervisor's instructions and not completing travel from VA Beach to Dallas, TX in 24 hours (by December 23, 2016) because I did not appeal in time. **"not appealing in time is not misconduct" and this email from James Montgomery showed my case was formal.**

❖ The email attached to James Montgomery is from Donna Peterkin, Deputy Director Office of Equal Rights, who stated Mr. Montgomery would communicate with me on my <u>case</u>. Therefore, Gina Helms knew I had a case, <u>I would not have a case if I did not go formal.</u>

❖ I also disclosed on the OF-306 I was wrongfully terminated. If anyone states they are wrongfully terminated it is Gina Helms duty to conduct a thorough investigation. Why is this person stating they were wrongfully terminated? On an email to Employee Labor Relations she asked Patricia Silva what travel policy, did I not follow to receive the reprimand. <u>I would like to know this as well, please see attachment from FEMA travel</u>

❖ I also provided Gina Helms my evaluations from DR-4277-LA when I received the reprimand because I practiced safety and did not drive while under legal drugs; the supervisor wanted me to check out on September 22, 2016 while on newly prescribed medicine and one stated at "home use only".  I waited on supervisor's instructions if I could complete medicine or wait for a family member to travel home and I provided the evaluations from DR-4291-VA which is the disaster that I was terminated for under false charges which was retaliation for incident in DR-4277-LA, all were false charges and I provided Gina Helms the information and evidence.  *LOI statement.*

❖ I have worked as an inspector before, they are contracted positions, therefore there is not any reason for me to be found not suitable when I was falsely accused and the Agency admitted it was an error to charge me without following the travel policy after I submitted my signed cost comparison. The agency stated it would reverse the charge of not following FEMA's travel policy when I submitted the signed cost comparison from my supervisor Mary Dawson to Human Capital and Acting Administrator Robert Fenton.  On 2016 case, Mary Dawson later stated she did not see my travel dates on the cost comparison and signed in error.  It is her responsibility per FEMA's travel policy to ensure the cost comparison is correct, therefore I should not be terminated for her error. There is also not any misconduct in practicing safety and not driving while on legal drugs or while fatigued, please see attachments.

2.  On question 8, Gina Helms mentions, 5 CFR 731.

❖ As I previously stated this is employment discrimination, I passed WSPs pre-employment qualification and the email stated FEMA required me to complete a Moderate Risk (SF85P) background investigation and receive a FEMA badge prior to completing inspections.  This background check will include a credit check.  **I was told I did not have to complete a form SF85P, this is because FEMA's conducts its own background investigation in which to retaliate.**   *See attached.*

❖ Gina Helms 2nd in charge Cecilia Nadeau told the FEMA EEO that Gina Helms was not my point of contact, but we see here she was, therefore, a lot of their statements are not believable and they are not trust worthy employees, being a dishonest employee is unsuitable under OPM, 5 CFR 731 and they should all be terminated.  Cecilia Nadeau is a common factor in this case as she was made aware of my issue on January 17, 2017.  Why would Intake and Compliance Branch be notified of a cadre manager asking employee labor relations for instructions on how to handle an employee situation.  This shows they collaborate in retaliating:  employee labor relations, office of chief counsel and personnel security.

2a.  Gina Helms also states under question 8 states:

*I did handle the adjudication for Nina Coleman. She was not granted pre-appointment based on Employment misconduct as defined in the guidance we follow. The decision was based on information she had self-disclosed concerning her termination on her OF-306.*

❖ Yes, I was honest and self-disclosed I was wrongfully terminated, what did the Agency want me to do, the keyword is "wrongfully." However, after showing a signed cost comparison from my supervisor the Agency Human Capital Director stated it would reverse the charge of not following FEMA's travel policy, the email said it would not reverse charge one because <u>I did not appeal in time not because we believe there was misconduct.  The LOI also had documents that told me to continue travelling from my supervisor, the supervisor stated this when I advised I could not complete my travel in a day when travel is 21 hours without stops.  I also stated I had doctor's orders to stop every 2 hours to do range of motion and stretches to not have back spasms.</u>

❖ I am not sure of the guidance she followed but the OPM suitable guidance does state misconduct and negligence employment, however, <u>where is the misconduct and negligence employment if the agency admitted they made an error in terminating me and would reverse the charge of not following FEMA's travel policy.  **Mr. Clark told me himself, before he knew I had a case that I was denied the local hire customer service position because my file showed, I was a negative employee and that I was terminated on Aug 22, 2017.** *This is very important information that is omitted from these affidavits.* **THE AGENCY PLACED FALSE INFORMATION IN MY FILE.**</u>

❖ **Gina Helms, after she conducted my background investigation for WSP inspections, I believed placed false information in my file:  that I was terminated on August 22, 2017 for not following FEMA's travel policy.  This is the information that Mr. Clark provided me. He was very helpful when he did not know I had a case.  Once he found out I had a case, he would not speak with me.  I strongly believe Cecilia Nadeau had Gina Helms place this false information in my file to keep me from being hired with FEMA.  This is why Office of Chief Counsel in my settlement ask me to not seek, apply or accept a FEMA position in five years because they knew they had this false information in my file.**

2b.  Continuing under question 8, Gina Helms states:
*I sent her a Letter of Interrogatory which gave her the opportunity to provide an explanation. She did provide several replies, but her explanation did not mitigate the concern. I then made the unfavorable determination. However, after I make the initial determination, it goes to a first level reviewer and then a second level reviewer. They look at all the information again and either agree or disagree. In Ms. Coleman's case, the first level review was done by Karen Lane, Senior Adjudicator, and the second level review was done by Cecilia Nedeau, the Branch Chief.*

❖ **I am uncertain how my explanation did not mitigate the concern when I provided her a document from Kelly Pellicci, Human Capital Director, that showed the Agency admitted an error when terminating me and that they would reverse the charge of not following FEMA's travel policy but would not reverse charge 1 because I did not apply in time.  I ask again.  Where is the misconduct of not appealing in time?  The real issue, as attorney Morgan Kinney stated on August 31, 2017, the Agency did not reverse all charges because of a previous incident in Sept of 2016, this is retaliation.  This is my protected activity. You do not punish someone for the same alleged offense.**

**As stated previously. Cecilia Nadeau was aware of the situation before I was terminated.  I am unsure why she would be included on an email to Employee Labor Relations.  This should also be investigated.  *see attachment**

3.  On question 9, Gina Helms stated: she did not have anything to do with my application for FEMA employment.

❖ **However, Anthony Clark told me Gina Helms handled by background investigation for the Local Hire Custom Service position which was on November 1, 2017.  He stated he needed to speak with her and call me back.  He also stated she had some documents password protected that he could not review so he needed to call her.**  *See Mr. Clark's question #6, on his witness affidavit, he stated I was deemed to be unsuitable and that Gina Helms handled the case.*

4.  I would like to add I do not recall ever speaking with Gina Helms verbally, if so it was briefly after she found me unsuitable for WSP inspections contract position on August 22, 2017.  Gina Helms would not call or email me back.  I only started emailing her in 2018 because Anthony Clark told me anything I sent her would go in my file.  Therefore, my file should show the agency stating they would reverse the charge of not following FEMA's travel policy and the travel unit stating my last travel voucher for DR-4277-LA and DR-4291-VA were accurate.  After the unsuitability letter, I asked her via email several times why I was not found unsuitable but she would never tell me.  She did tell me Kimberly Brown-Davis would contact me but she never did, I believe this maybe the only time that Gina Helms communicated with me.  How do you tell someone, you are not suitable and do not tell them why?

I also, contacted a representative at WSP who told me she was in contact with someone at FEMA and that someone would contact me but no one ever did. I did not continue trying to make contact but contacted EEO and filed a discrimination of employment complaint. I filed the complaint before I received the email that the customer service position was withdrawn and to contact background compliance on why. I emailed them several times as well and they would not contact me.   I had cases filed with MSPB therefore I stopped trying to find why I was found unsuitable and/or denied security clearance until on the Agency's settlement offer it had a term I was leery: do not seek, apply or accept any FEMA positions for three years.  I felt something was wrong with this clause and this is why I did not accept it.

God allowed it to be revealed by Mr. Anthony Clark.

If CASE
Accepted
will upload
Rebuttal for
Racguel Mahone
Statement

Coleman Nina
Rebuttal to
Investigators
exhibits, supporting
documents followed



July 25, 2017

Nina Marie Coleman
4525 Malden Lane
Dallas, TX 75216

Ms. Coleman,

This letter is in reference to your recent submission for a background investigation to be completed on you as a requirement to determine your suitability for entry on duty (EOD) as a contract employee with FEMA. Preliminary background checks disclosed one or more issues of concern that need clarification and/or additional information.

In order to find you suitable for entry on duty with FEMA, you must provide information that sufficiently mitigates and/or clarifies the issue(s) of concern. Please respond in writing and individually address each issue identified herein.

**OF306, dated 7/7/2017 revealed the following:**
You answered "yes" to question 12 which asked in the last 5 years, have you been fired form any job for any reason. You indicated you were wrongfully terminated on 3/6/2017 for not having a prior approval to drive, not attaching cost comparison to travel voucher and not preparing a cost comparison analysis.

1. Please provide a detailed statement describing all the circumstances that led to you being fired, terminated and left under unfavorable circumstances. Include a detail explanation of the reason for the termination.- *The explanation on the OF306 is somewhat unclear, can you please clarify the dates of the incident, the date you were notified you needed to file a cost comparison to travel by POV and the date you filed an appeal.*
2. Were you aware of the policy prior to your travel? Yes, and followed it. Supervisor did not asked, just accused
3. Have you had any other non-compliant violations of this nature?       NO

4. Do you have any documentation and/or email correspondence related to this termination? If, so please provide a copy.       Yes

5. Did you received any benefits while unemployed?       Reservist do not have benefits when not deployed.

6. Did this/these terminations involve any misconduct, negligence, policy violation, etc. on your part?

7. Do you believe you violated any oral, written or otherwise recorded agreement made between you and your employer?   NO

8. Was it a single incident, or were you cited for a pattern of rules violations, conduct or disciplinary issues? (at this or any other employment).       NO
9. Was it a performance issue?   NO

10. Were there any other episodes of misconduct or negligence?

**11.** Please provide any paperwork you have regarding the incident and termination of employment

**Note**: If pertinent and relevant to you, feel free to provide any documentation available to you that would support your claims and potentially mitigate this issue in your case.

Please respond no later than *15 calendar days* from the date of this letter. *This 15-day period constitutes your only opportunity to appeal the pending unsuitable decision.* The information you provide will be considered along with other documentation to determine your suitability for employment with FEMA. **Failure to respond or failure to mitigate these issues will result in an unsuitable determination that will make you ineligible for employment with FEMA.**

Please forward your written response to one of the following:

> 1. ***HIS Intake and Compliance***
>    *Personnel Security Branch*
>    *430 Market Street, Room 250*
>    *Winchester, VA 22603*
>    *TO BE OPENED BY: HIS Adjudication Team*
>    *ATTN: Gina Helms*
> 2. **Email**: gina.helms@fema.dhs.gov

The aforementioned process is being completed in an effort to determine your suitability for **Entry on Duty (EOD) ONLY**. If you successfully mitigate the issues that require clarification and/or additional information, you will be processed for a full background investigation. Once the full background investigation is completed it will be used to determine your final employment suitability as a contract employee with FEMA. If the same or new issues arise during the full background investigation, you may be required to provide further clarification and/or additional information to mitigate the issues. Failure to do so could affect your continued employment with FEMA.

gina.helms@fema.dhs.gov

Sincerely,

*Gina C Helms*
Gina C. Helms
Personnel Security

## Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents

Please provide a detailed statement describing all the circumstances that led to you being fired, terminated and left under unfavorable circumstances. Include a detail explanation of the reason for the termination.- The explanation on the OF306 is somewhat unclear, can you please clarify the dates of the incident, the date you were notified you needed to file a cost comparison to travel by POV and the date you filed an appeal.

**Reason for termination (travel cost comparison are normal procedures with traveling):**

**Charge 1- Ignored supervisor's instructions and did not complete travel by Dec 23, 2016.**

- I was not aware when travel had to be completed, supervisor approved check out Dec 22 and travel day Dec 23.
    - o Supervisor later apologized, stating, thought travel was one-day travel
    - o Another employee traveled home on Dec 24, 2016 and was not charged with ignoring supervisor's instructions
    - o On Dec 24, Supervisor stated continue travel when I asked should I stop travel and continue on Monday since it was an issue traveling on Sat on DR-4291-VA, Mary Dawson said to continue; Mary also signed check out form on Dec 22, 2016
    - o Supervisor signed cost comparison dated Dec 23-26, 2016 but did not provide to DSA Program Manager, Roxxi Mahone a copy

- When checked out on Dec 22, 2016 I told Mary Dawson, supervisor, Esther Herrera, task force lead and Paula Mojaic, DSA field liaison when asked that per Mapquest showed travel from VA Beach to Dallas, Texas 21 hours without stops; Ms. Dawson never stated it was an issue or asked if I were aware when travel had to be completed.
    - o I received a favorable evaluation
    - o Biloxi FEMA Travel advised there is not a policy regarding when to tell staff to complete travel because once they check out they are on their own and FEMA will only pay for what is approved. Kerry Holmes, Ops Chief, signed and approved Concur (Travel Authorization)
        - FEMA paid my voucher and reimbursements posted to my account, Jan 6, 2017.

**Charge 2-Did not follow FEMA travel policy: did not attach have prior approval to travel by car, did not prepare cost comparison analysis and did not attach cost comparison to voucher**

- **March 8 and 10, appealed to Acting Administrator, Robert Fenton and Employee**

  **Services Help Desk, provided signed cost comparison, cost comparison analysis and other supporting documents.**
  - Charge 2 was reversed but would not reverse charge 1 because said I did not

    appeal in time and to Faye Green
    - Erik Skinner, Equal Rights Case Manager had advised me not to respond to DSA Managers emails to DSA managers emails or to them that they were aware I had a case and advised me to continue my timeline for mediation

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

- July 24, 2017 ADR Attorney contacted me and stated would contact Mary Dawson and Roxxi Mahone to see if they would like to sit down for mediation
    - **My constitutional rights require me a fair process when being terminated and I did not receive one, if not allowed an appeal extension and being accused of wrongdoings but not receiving a fair chance, "due process" to defend myself.**


**Supporting Documents**

From: "Pellicci, Kelley" <Kelley.Pellicci@fema.dhs.gov>
Date: Mar 16, 2017 12:53 PM
Subject: FW: I really need DR4291VA leadership to come to my defense on my non-compliant demobilization
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>
Cc:

Dear Ms. Coleman,

This email is in response to your email to FEMA officials on Wednesday, March 08, 2017.

On February 13, 2017, you received a written notification that you were being terminated from your position as a Reservist due to your failure to follow instructions regarding demobilization and your failure to follow written agency policy.

On March 8, 2017 and March 10, 2017, you contacted FEMA HC Service Desk and Administrator Robert Fenton to appeal your termination decision.

The documentation you provided to FEMA HC Service Desk included a copy of the travel cost comparison analysis signed by yourself and Mary Dawson on December 22, 2017. As a result of an error, this information was never provided to your Cadre Manager, Racquel Mahone. Upon discovery of this error, the Office of the Chief Human Capital Officer has removed any mention of your failure to follow agency policy regarding the cost comparison analysis from agency records.

However, you failed to appeal this decision to Faye Green, Cadre Management and Training Branch Chief, Individual Assistance Division, Recovery Directorate, within five days. As noted in your termination letter, Ms. Green was the appropriate contact for your appeal. Therefore, your charge for failure to follow the instructions of your field supervisor, Mary Dawson, who provided specific instructions by to complete all travel no later than December 23, 2016, will not be reversed.

**Kelley Pellicci**
*Director, Employee Services*
*Office of Chief Component Human Capital Office (OCCHCO)*
*Federal Emergency Management Agency (FEMA)*
*U.S. Department of Homeland Security (DHS)*

*Office (202) 212-2436*
*Cell (202) 550-6915*
*Fax (540) 504-2593*

*Human Capital Service Desk*
*866-896-8003*
*FEMA-HC-ServiceDesk@dhs.gov*

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

supervisors emails, get off the road at dark, there were also many accidents and bad weather. I got home late Dec 24th and took vehicle back Dec 25th.

If I did not follow instructions or was non-compliant why did Kerry sign my travel voucher and FEMA Biloxi paid it.

The termination letter also said, on about Dec 23rd-24th you failed to comply with written prior approval and without conducting the required cost comparison analysis.

However, I did turn in a cost comparison and told Esther and Mary prior to checking out my checkout date amd mode of transportation.

See attachments. One also shows where travel specialists sent info on I could drive rental home I used during disaster, and it perhaps the reason Biloxi paid it without the cost comparison.

I hope someone could speak to cadre management in my defense and make them aware of their errors.

They don't have to want me in DSA but to make up charges to terminate me is unjust.

Thank you.

---

**From:** Dawson, Mary
**Sent:** Friday, December 16, 2016 7:23:59 AM
**To:** Stillwagon, Redora; Kimler, Kay; Coleman, Nina
**Cc:** Mojica, Paula; Herrera, Esther
**Subject:** FW: DSA checkout - week of the 19th - 23rd

Anyone????

**From:** Dawson, Mary
**Sent:** Thursday, December 15, 2016 6:50 AM
**To:** Stillwagon, Redora <Redora.Stillwagon@fema.dhs.gov>; Kimler, Kay <kay.kimler@fema.dhs.gov>
**Cc:** Mojica, Paula <Paula.Mojica@fema.dhs.gov>; Coleman, Nina <Nina.Coleman@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** FW: DSA checkout - week of the 19th - 23rd

Mickey and Kay
We are down to these 9 folks next week, (10 counting Paula, as she will work in the field) all in Virginia Beach – Kay and Johnny will be checking out on the 21st and everyone else on the 22nd.

If the mission will support, please inquire as to whether or not anyone would like to attend the following class – on the day they checkout. (I will sign them up here, but they should go on FEKC as well.)

December 21 10:00 – 11:30  "Fairness is Everyone's Concern"
December 22 10:00 – 11;30  "Your teams Emotional Culture"

Filling up quickly – as most of IA is leaving next week as well.

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

**From:** Dawson, Mary
**Sent:** Tuesday, December 13, 2016 4:31 PM
**To:** Pickron, Alexas <alexas.pickron@fema.dhs.gov>; Keith-Zamora, Karen <Karen.Keith-Zamora@fema.dhs.gov>; Haywood, Rita <Rita.Haywood@fema.dhs.gov>; Boyanowski, Nora <Nora.Boyanowski@fema.dhs.gov>; Jackson, Karen M <Karen.Jackson@fema.dhs.gov>
**Cc:** Holmes, Kerry <Kerry.Holmes@fema.dhs.gov>; Herrera, Esther <Esther.Herrera@fema.dhs.gov>; Mojica, Paula <Paula.Mojica@fema.dhs.gov>; Collie, Mary <Mary.Collie@fema.dhs.gov>
**Subject:** DSA checkout - week of the 19th - 23rd

**DSA out-processing schedule —next week**

**December 21**
Kay Kimler
Johnny Leon


**December 22**
Jim Chukayne – morning
Redora Stillwagon – morning
David Mandel
Vivian Kiflai
Alex McClurkin
**Nina Coleman**
Corinne Turner


Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov




Emails below were sent because Esther Herrera became upset with me when I asked if I was really needed for VA Beach because I was ready to demobilize. She stated I was needed because all the Crew Leads were demobilizing. If I was allowed to demobilize like the others, I would have completed travel before Dec 23, 2016. The supervisors allowed staff that worked in other Counties that had hotels, remain in hotels on Virginia Beach. When I first arrived my team that worked in Chesapeake were residing in hotels on VA Beach, I suggested to the team to move, to our work area, it saved on time, gas and hotels were not as expensive. When I became Crew Lead in Suffolk, I moved myself and my team to Suffolk, one team member did not like it they wanted to remain in VA Beach on the Beach. This happens a lot staff wanting to be in the best area and sightseeing areas.

**From:** Coleman, Nina
**Sent:** Thursday, December 15, 2016 2:35:37 PM
**To:** Herrera, Esther
**Cc:** Dawson, Mary
**Subject:** RE: Following up on Conversation for Suffolk and Virginia Beach

Correct, in reference to you wrote: (the same time it took the crew #4 to meet you in Suffolk as you instructed the crew for your am meeting). However, I considered traffic and drive time and did not have the meeting until 830am,

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

so they did not have to leave before 730am. I did not have them meet me the next day because Portsmouth was coming to an end and emailed their assignments. I also assigned IA grids in Portsmouth near Suffolk, so after the meeting they did not have to drive far to their assignment; Portsmouth is 10-20 minutes away from Suffolk.

I was not aware of Mickey's protocol as Crew Lead that is why I asked what the plan was. She could have a meeting at 730 am and want us there, so we were planning to move and I had planned to continue working in Suffolk until Saturday after you told me to tell the EM we would revisit the addresses with no contact that were unregistered and because he had not approved placing Suffolk on Limited Presence yesterday but the DSR stated he had, I just wanted to make sure all bases were covered.

Also, if the Portsmouth Crew worked longer than a few days I would have suggested they move because there are Marriott properties at the edge of Chesapeake and Portsmouth as well a Hampton Inn, so I really did not understand why they would use all that drive time to drive to their Duty station when they could have been closer to their assignment areas. Also, it's less traffic if they were staying at hotels on the other side of Portsmouth, like in Chesapeake and Suffolk but I guess that was the Crew's Lead decision to remain in VA Beach.

Whatever, the case may have been I only asked if we were really needed for VA Beach, if not, we could prepare to demobilize when finished with Suffolk, because we were asked when we were demobilizing, it was never stated we need staff in VA Beach who would like to remain and assist.

Sorry for asking if VA Beach really needed help and what was the plan for working in VA Beach. Wasn't trying to start confusion. I am self motivated and will plan my assignment until hear different.

Thanks for update, Mickey has provided grids near Suffolk, I will take a look and plan our outreach.

Don't have any questions, everything has been explained. Good day.

Nina M. Coleman, DHS-FEMA
DR-4291-VA
Crew Lead #6

DSA - Disaster Survivor Assistance
Specialist, Coach Evaluator &
SMART Mobile Application Reports Analyst

FEMA Contact #: 347-635-0506

---

**From:** Herrera, Esther
**Sent:** Thursday, December 15, 2016 10:11:54 AM
**To:** Coleman, Nina
**Cc:** Dawson, Mary
**Subject:** Following up on Conversation for Suffolk and Virginia Beach

Nina
In reference to your meeting on 12/14/16 with Suffolk EM, you reported to the EM, 32 addresses from his list had not no contact when DSA visited. At the EM request he asked DSA follow up and revisit the 32 addresses with no contact from DSA.

## Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents

If the EM for Suffolk had no additional request other than the no contact list, we will consider outreach on the grids complete.  All IA aggregate Collector grids are completed a of 12/15/16.

With no further DSA task requested from the EM, DSA will follow up on the remaining "no Contact " not registered list on Saturday as requested by the EM.

On Friday, no need to move  hotels, you and Corinne can report to Crew #1, Redora Stillwagon.  I understand it will take 45 minutes travel time to  get to Virginia Beach (the same time it took the crew #4 to meet you in Suffolk as you instructed the crew for your am meeting)

Redora (Mickey)  will send you an email or call for you and Corrine for your assignment for Friday by the end of day (COB).

If you have any questions or concerns please call or email.

 Respectfully
Esther Herrera
Disaster Survivor Assistance
225-573-6897
Esther.Herrera@fema.dhs.gov

**From:** Herrera, Esther
**Sent: Saturday, December 17, 2016 1:05:44 PM**
**To:** Coleman, Nina
**Subject:** RE: Hotel for next few days

**Kay will be leaving early and you will continue as crew lead**

**From: Coleman, Nina**
**Sent: Saturday, December 17, 2016 1:04 PM**
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Hotel for next few days

**Can you use Mickey's address? Aren't I going to her team?**

Nina M. Coleman, DHS-FEMA
DR-4291-VA
Crew Lead #6

DSA - Disaster Survivor Assistance
Specialist, Coach Evaluator &
SMART Mobile Application Reports Analyst
FEMA Contact #: 347-635-0506

Sent from my iFEMA mobile device.

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

**From:** Herrera, Esther
**Sent: Saturday, December 17, 2016 12:57:45 PM**
**To:** Coleman, Nina
**Subject:** RE: Hotel for next few days

Nina,
Can you make your hotel arrangements with in the next hour? The 215 is being requested by planning today.
Need your hotel address for Tuesday and Wednesday.  Let me know if this task can be completed in the next
hour,

Thank you
Esther

**From:** Coleman, Nina
**Sent:** Saturday, December 17, 2016 12:41 PM
**To:** Herrera, Esther <Esther.Herrera@fema.dhs.gov>
**Subject:** RE: Hotel for next few days

We have not looked.


Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst  | Coach Evaluator

Business:  347-635-0506

Sent from my iFEMA mobile device.


**From:** Herrera, Esther
**Sent:** Saturday, December 17, 2016 12:08:33 PM
**To:** Coleman, Nina
**Subject:** Hotel for next few days

Nina,
Mary is working on the 215, can you provided the address of the hotel where you will be staying in Virginia
Beach.

Thanks
Respectfully
Esther Herrera
Disaster Survivor Assistance
225-573-6897
Esther.Herrera@fema.dhs.gov

## Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents

My last day in Suffolk was Dec 19, 2016 and if allowed to check out on Dec 20th or Dec 21, I could have completed travel by Dec. 23.  Mary Dawson was aware, Esther Herrera wanted me to remain and work in VA Beach but me following instructions and not wanting to leave the supervisors without help caused me to get terminated.

From: "Coleman, Nina" <Nina.Coleman@fema.dhs.gov>
**Date: Dec 19, 2016 7:59 AM**
Subject: FW: Update on list of unregistered no/contacts
To: "Herrera, Esther" <Esther.Herrera@fema.dhs.gov>
Cc: "Dawson, Mary" <Mary.Dawson@fema.dhs.gov>, "Stillwagon, Redora" <Redora.Stillwagon@fema.dhs.gov>, "Turner, Corinne" <corinne.turner@fema.dhs.gov>

Morning, everyone.  EM did not answer, left message.  Stayed list should be completed today by report time, unless JFO does not want a report. There are 5 on Columbus, the area of several displaced survivors in Pleasant Hill. My previous EM list has the notes.

**Also, there seems to be a lot of confusion these past few days**, therefore I am emailing everyone to keep all in the loop. Below, you will find information I sent the EM, my report, as well as the list was also sent in detail on Saturday.

I also informed the EM and JFO leadership on last Wednesday there were 17 homes to revisit, I had omitted one and informed Esther of this last Friday and Saturday.

The goal was to complete the list on Saturday and I really thought we could complete 18 homes, I totally forgot I did not need to stop and do reports mid-day as it was Saturday, JFO was closed, human error. So please be assure the goal was to get it done, I even skipped lunch trying to complete.

We worked very hard, tackling rural areas first, many of the one homes were spread out, North, South, East and West.  I spent the night before mapping the homes, however I did not take into consideration, we may have registrations, a survivor had not registered was unhappy had to talk (therapy) and showed areas of concern around his property.

We preach survivor centric so I couldn't be rude and rush but listened, trying to keep him focus on why I was there, afterwards I was able to advise why he should go ahead and register, said he may.  Another survivor did not register because he said that's why I have insurance. I had to explain FEMA/SBA process to him as well, said he would register.  We went by one home GPS took us to ended up not being the survivors home we were revisiting but it was a good contact, the survivor owned the home of the person we were looking for and told us where they lived, so we visited, as well this person had questions about elevating their home.

So I apologize, I was not aware we weren't to do DSA Mission just revisit and asked are you registered and leave.  Rest assure I am trying to complete the mission, if it's felt I am not capable you may send others to do so.

**If have questions, please do not hesitate to call me**.  I spoke with Mickey and we will resume grids left off from Friday and meet in the morning.  We p Made reservations to check into hotels on Tuesday in VA Beach, that is what I thought Esther was instructing when she asked what was my hotel address in VA, I replied I hadn't looked for a hotel, she asked could I do in it an hour, needed for 215. I asked if Mickeys address could be used because I thought I was moving to her Crew, I was told, I was taking Kay's place so after report, I made a reservation, because saw Tuesday and Wednesday on email I assumed check in Tuesday but it's been worked out.

Good day,

Nina M. Coleman, DHS-FEMA

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

DR-4291-VA
Crew Lead #6

DSA - Disaster Survivor Assistance
Specialist, Coach Evaluator &
SMART Mobile Application Reports Analyst

FEMA Contact #: 347-635-0506

Sent from my iFEMA mobile device.

---

**From:** Coleman, Nina
**Sent:** Monday, December 19, 2016 8:24:54 AM
**To:** bspicer
**Subject:** Update on list of unregistered no/contacts

Good morning, Deputy Spicer, EMC

Out of the 18 homes identified no contact/unregistered we completed 10 on Saturday:
* completed one registration
* three may register later, after explaining the FEMA/SBA registration process
* one renter was located living with parents stated registered and received assistance
* one renter no contact, neighbor stated tree fell on home and the gentleman moved
* one no contact; home is vacant undergoing repairs
* three were no answer

Homes without contact we left FEMA disaster assistance and Task Force Leads contact info.

Will call you shortly.

Nina M. Coleman, DHS-FEMA
DR-4291-VA
Crew Lead #6

DSA - Disaster Survivor Assistance
Specialist, Coach Evaluator &
SMART Mobile Application Reports Analyst

FEMA Contact #: 347-635-0506

Sent from my iFEMA mobile device.

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

**From:** Coleman, Nina
**Sent:** Sunday, December 25, 2016 12:33:34 AM
**To:** Dawson, Mary
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Thanks for information, however, I have worked with plenty BDs and have not had this issue, I guess all deployments are different because on previous disasters BDs have approved my Sat travel and I have never heard a word about it, perhaps because I was working in the office and shut down DSA. I left Texas this year on a Sat, OK last yr on a Sat and SC I left on a Sat, it has never been an issue until VA. So I will have to be careful from here on out what deployments I accept.

I'm still traveling, hopefully you guys are off and getting ready for Christmas. If not traveling home, rest sounds good! Lol! Or good times with coworkers.

Good evening

Nina M Coleman
Disaster Survivor Assistance Cadre

DSA Specialist | SMART Mobile Application and Reports Analyst  | Coach Evaluator

Business:  347-635-0506

Sent from my iFEMA mobile device.

---

Per this conversation below, I thought the matter was resolved, Mary said continue with travel as planned and moving forward advise Branch Director of RA and make arrangements with BD for out-processing. Note:  advising BD my out processing, I had never had to do with any of my BDs and I believe I have worked with all of them before new hirers, Karen Mann, Cheryl Catchings, Mike Jones, John Dwyer, Tony Nguyen, Julius Gibbons, Ben Barron, Andrew Nelson, Park Spinney, Carm Cooley, Group Sups on disasters: Toby Rice, Jackie McBride, Rita Ramos, Karyn Wolfe, Ron Stillwagon, Stephen Parker and TFLs: Esther Herrera, Lucy Baker, Kevin McKinnon, John Gutierrez, Sharon Ellershaw,

**From:** Dawson, Mary
**Sent:** Saturday, December 24, 2016 7:03:25 AM
**To:** Coleman, Nina
**Cc:** Herrera, Esther; Haywood, Rita; Boyanowski, Nora
**Subject:** RE: Travel Time

Nina
Continue with travel today as planned. I was not aware of a "reasonable accommodation " on file at HQ.

Moving forward, on future deployments,Please advise the Branch Director of the reasonable accommodation

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

prior  prior to leaving your HOR, to avoid any sort of confusion

Also please make arrangements with your Branch Director to out-process and travel during the 40 hour work week whenever possible. So for example:  on the next deployment, you would arrange to checkout Wednesday and travel Thursday and Friday, should you require 2 days of travel

Safe travels and if Nora and Rita would care to add anything, or correct anything I have said, please do.

v/ Mary

Mary E. Dawson
FEMA
717-712-9790
mary.dawson@fema.dhs.gov

---

On Jul 11, 2017 4:09 PM, "Montgomery, James"
<James.Montgomery2@fema.dhs.gov> wrote:
Ms. Coleman,

I have had some discussions about the issues in your matter and forwarded this information to the OER/ADR program to set a mediation process for your issues. You will be contacted shortly by someone from that unit to work out the details of the mediation process.

Again, thank you for your patience and cooperation.

James Montgomery
Civil Rights Program, Unit Chief
Acting Formal Team Unit Chief
Office of Equal Rights, FEMA
Department of Homeland Security
Office:   (202)212-3749
Mobile:  (202)360-0561
James.montgomery2@fema.dhs.gov

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

**From:** Montgomery, James
**Sent:** Friday, June 30, 2017 7:38 PM
**To:** N Coleman <ninacoleman7771@gmail.com>

**Cc:** Donald, Willisa <willisa.donald@fema.dhs.gov>; Peterkin, Donna
<donna.peterkin@fema.dhs.gov>
**Subject:** RE: RE: RE: Trying to make Contact. (Mary said she didn't report me) Erik
saying do not respond......

Ms. Coleman,

Again, Thank you for giving us an opportunity to assist with addressing your concerns.  I will be in touch
with you next week.  Enjoy the holiday!!


James Montgomery
Civil Rights Section, Unit Chief
Acting Formal Team Unit Chief
Office of Equal Rights, FEMA
500 C Street SW, Room 4SW-0915
Washington, DC 20472
Office:  (202)212-3749
Mobile: (202)360-0561
James.montgomery2@fema.dhs.gov



**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Friday, June 30, 2017 7:32 PM
**To:** Montgomery, James <James.Montgomery2@fema.dhs.gov>
**Cc:** Donald, Willisa <willisa.donald@fema.dhs.gov>; Peterkin, Donna <donna.peterkin@fema.dhs.gov>
**Subject:** RE: RE: RE: Trying to make Contact. (Mary said she didn't report me) Erik saying do not
respond......

Thank you listening to my concerns and exploring all options available in which to
resolve this matter.

I truly hope all involved parties are willing to provide me a fair opportunity to appeal the
charge of not following instructions, correct the decision of not reversing the one charge
of not following instructions because I did not appeal in time when the 2nd charge of not
following FEMA travel policy was reversed almost 30 days after appeal deadline, they
both had the same appeal deadline and/or allow mediation with an open mind, and in an
efficient, fair and transparent manner.

Good evening everyone, praying for a positive outcome.

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

On Jun 30, 2017 6:07 PM, "Montgomery, James"
<James.Montgomery2@fema.dhs.gov> **wrote:**
I have included Ms. Coleman on this email regarding our just-completed telephone conversation.

Ms. Coleman and I had a very cordial 50 minute conversation about her concerns related to her termination from the Disaster Assistance Advisor (DSA) Cadre and the circumstances occurring in the termination process, One of her major concerns was that she felt that she was not being listened to when she complained about what she believes is unfair about her treatment by FEMA. I thought it was important to allow Ms. Coleman the full opportunity to let me know what her concerns are.

After Ms. Coleman recited her concerns, I asked some questions for clarification and additional information on what Ms. Coleman was saying about her issues. I then asked what Ms. Coleman would want the Office of Equal Rights to do to address or assist in addressing these issues. Further conversation suggested the following:

> 1.  Ms. Coleman has worked for FEMA for at least 9 years (12 years, if her work as an Inspector is considered);
>
> 2.  She wants to continue in Emergency Management work, even if not with FEMA; however, the termination would damage her chances of continuing that career path;
>
> 3.  She believes that the action taken on her termination specifications was questionable since the charges involved the same travel event and she contested the two charges at the same time. One charge was reversed, but LER said it would not address the other charge because she was untimely in her contest;
>
> 4.  She believes that other people were not treated the same way; and, this action was contrived as a way to terminate her;
>
> 5.  She wants the remaining charge in the termination letter removed;
>
> 6.  Ms. Coleman is willing to try mediation to settle these issues.

NOTE: The two charges in the Termination Letter were (a) ignoring a supervisors instruction (email issues around December 9 stating travel be completed on December 23), and (b) failure to follow travel policy (alternative travel with cost comparison). Specification (b) was reversed because the her supervisor had signed Ms. Coleman's cost comparison which included travel dates of December 23 through December 26.

I told Ms. Coleman that I would explore what options are available, including mediation, and get back with her the end of next week or early the following week by Tuesday July 12.

James Montgomery
Civil Rights Section, Unit Chief

**Coleman, Nina -LOI1 Explanation of Question #1 & Supporting Documents**

Acting Formal Team Unit Chief
Office of Equal Rights, FEMA
500 C Street SW, Room 4SW-0915
Washington, DC 20472
Office:  (202)212-3749
Mobile: (202)360-0561
James.montgomery2@fema.dhs.gov

**From:** Peterkin, Donna
**Sent:** Friday, June 30, 2017 4:26 PM
**To:** N Coleman <ninacoleman7771@gmail.com>
**Cc:** Montgomery, James <James.Montgomery2@fema.dhs.gov>; Donald, Willisa
<willisa.donald@fema.dhs.gov>
**Subject:** RE: RE: RE: Trying to make Contact. (Mary said she didn't report me) Erik saying do not
respond......

Good afternoon Ms. Coleman,

Presently, Mr. Montgomery will communicate with you on your case.  I see you both
have arranged a time to speak today.

Thank you for your communication and Mr. Montgomery will follow-up shortly.

Thanks.

Donna

Donna

Donna Peterkin
Deputy Director
Office of Equal Rights

**Signature:** _____

**Date:  7-31-17**

After ~~Applying~~ Applying for Vanguard the Agency said I showed Still with FEMA and I had to resign around 6-28-17 Personnel Security File was not updated.

*agency decided this was the only way*
*to place in my personnel file, this is why they made*
*up a date and charge on 8-22-17*

**M** Gmail                                                    N Coleman <ninacoleman7771@gmail.com>

---

**6-28-17_Fwd: RE: Robyne Jacksons' response... "Urgent Matter"
Requesting HR Assistance as instructed by FEMA Security-Rozland Best
(security response)**

---

**N Coleman** <ninacoleman7771@gmail.com>                      Fri, May 4, 2018 at 5:56 PM
To: "Nelson, Florence" <florence.nelson@fema.dhs.gov>

Here is an email I sent to Kelley Pellicci and Robyne Jackson. As of 6-28-17 looks like personnel security
did not show me terminated, I would like to know when now they started showing the termination date.

---------- Forwarded message ----------
From: **N Coleman** <ninacoleman7771@gmail.com>
Date: Wed, Jun 28, 2017 at 9:52 AM
Subject: Fwd: RE: Robyne Jacksons' response... "Urgent Matter" Requesting HR Assistance as instructed
by FEMA Security-Rozland Best (security response)
To: "Pellicci, Kelley" <Kelley.Pellicci@fema.dhs.gov>, "Jackson, Robyne"
<Robyne.Jackson@fema.dhs.gov>
Cc: christopher.b.smith@fema.dhs.gov, "Green, Faye" <Faye.Green@fema.dhs.gov>,
Melissa.Ventresca@fema.dhs.gov, Alex.Amparo@fema.dhs.gov, patrick.hernandez@fema.dhs.gov, "Best,
Rozland" <Rozland.Best@fema.dhs.gov>

Morning.

Looks like my situation maybe resolved, I spoke with the supervisor of Ms. Best and she stated DSA did
not send them any information or reason why I was terminated to Security, as you stated this as well,
yesterday Ms. Jackson but stated Mahone did not send any information to security.

Ms. Francis-Baker stated they updated the system since I sent out my email the other day inquiring why
WSP stated I was still showing active but Ms. Best stated system showed closed but I do not know why
later she sent an email that I needed contact HR or Cadre to resign.

Ms. Francis-Baker states she would provide me an email stating information is updated, then, hopefully, I
could move forwarded with WSP hiring process.

Thank you Ms. Pellicci for your assistance and responding in a timely manner to get the issue resolved.

Could you or Ms. Jackson find out from DSA cadre the date of confirmation they have showing I official
received the termination letter because I never signed or returned one to the Cadre and have not been in
contact with Cadre since I believe Jan 27th. HR and DSA should have this on file.

Thank you.

Note from Francis-Baker call:
933 am Didn't know if active or not said system don't speak to each other.
DSA never sent any information they didn't know until I sent email yesterday.

---------- Forwarded message ----------
From: "N Coleman" <ninacoleman7771@gmail.com>
Date: Jun 27, 2017 1:53 PM

*1 of 10*
*Nina M.C. ...... emails between Personnel Security Background*

Subject: Fwd: RE: Robyne Jacksons' response... "Urgent Matter" Requesting HR Assistance as instructed by FEMA Security Rozland Best
To: "Best, Rozland" <Rozland.Best@fema.dhs.gov>
Cc:

Hello again. When we spoke earlier you stated the system showed my file as closed and you did not know why anyone would tell me from WSP that I showed as a Reservist.

Before checking with someone down the hall, you mumbled not active, not active then stated you needed to go down the hall and speak to someone and you would call me back in five minutes.

Instead you emailed me to contact HR or Cadre to resign. I just spoke with Robyn Jackson and she stated I did not need to resign that their system showed me terminated for personnel issues and as appears on SF50. She said your system may not have been updated the reason you told me I had to resign.

I stated to her that if that was the case I feel you would have said, Ms. Coleman our system shows you as a Reservist and to contact HR or Cadre to have system updated, not resign.

Also, why would you tell me at first my file was closed and you didn't know why anyone would tell me I was still listed as a Reservist.

Could you please help me?

Is your system updated, does it show termination and file closed?

Why would I need to contact HR or Cadre to resign?

WSP told me they do not use SF50, that FEMA security could have to verify I am not employed with FEMA.  Why were they told I am still showing as a Reservist?

I wouls like clarity so I could move forwarded with WSP hiring process.

Sincerely,

Nina Coleman
214.563.5395

--------- Forwarded message ---------
From: "Pellicci, Kelley" <Kelley.Pellicci@fema.dhs.gov>
Date: Jun 27, 2017 10:36 AM
Subject: RE: "Urgent Matter" Requesting HR Assistance as instructed by FEMA Security Rozland Best
To: "N Coleman" <ninacoleman7771@gmail.com>, "cory.coleman@fema.dhs.gov" <cory.coleman@fema.dhs.gov>, "FEMA-Employee-Communications" <FEMA-Employee-Communications@fema.dhs.gov>, "Ventresca, Melissa" <Melissa.Ventresca@fema.dhs.gov>, "FEMA-HC-ServiceDesk" <FEMA-HC-ServiceDesk@fema.dhs.gov>, "FEMA-WDD-Program-Travel" <FEMA-WDD-Program-Travel@fema.dhs.gov>, "robyne.jackson@fema.dh.gov" <robyne.jackson@fema.dh.gov>
Cc: "Doolin, Joel" <joel.doolin@fema.dhs.gov>, "Sevier, Adrian" <Adrian.Sevier@fema.dhs.gov>, "Hall, Daniel F" <Daniel.Hall@fema.dhs.gov>, "Mazur, Cindy" <Cindy.Mazur@fema.dhs.gov>, "Smith, Christopher B" <christopher.b.smith@fema.dhs.gov>, "Long, Brock" <Brock.Long@fema.dhs.gov>, "Grant, David" <david.grant@fema.dhs.gov>, "Penn, Damon" <Damon.Penn@fema.dhs.gov>, "Heighberger, Eric" <eric.heighberger@fema.dhs.gov>

Ms. Coleman,

208 10 Nina M. Coleman emails between Personnel
Security Background Compliance Section

Robyne Jackson, Branch Chief of Labor and Employee Relations, is your point of contact.  She will respond to you directly today.

Please contact Robyne directly with any questions.

Thank you,

**Kelley Pellicci**

*Director, Employee Services*

*Office of Chief Component Human Capital Office (OCCHCO)*

*Federal Emergency Management Agency (FEMA)*

*U.S. Department of Homeland Security (DHS)*

*Office (202) 212-2436*

*Cell (202) 550-6915*

*Fax (540) 504-2593*

*Human Capital Service Desk*

*866-896-8003*

*FEMA-HC-ServiceDesk@dhs.gov*

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Tuesday, June 27, 2017 11:23 AM
**To:** cory.coleman@fema.dhs.gov; **FEMA-Employee-Communications** <FEMA-Employee-Communications@fema.dhs.gov>; **Ventresca, Melissa** <Melissa.Ventresca@fema.dhs.gov>; **FEMA-HC-ServiceDesk** <FEMA-HC-ServiceDesk@fema.dhs.gov>; **FEMA-WDD-Program-Travel** <FEMA-WDD-Program-Travel@fema.dhs.gov>; robyne.jackson@fema.dh.gov; **Pellicci, Kelley** <Kelley.Pellicci@fema.dhs.gov>
**Cc:** **Doolin, Joel** <joel.doolin@fema.dhs.gov>; **Sevier, Adrian** <Adrian.Sevier@fema.dhs.gov>; **Hall, Daniel F** <Daniel.Hall@fema.dhs.gov>; **Mazur, Cindy** <Cindy.Mazur@fema.dhs.gov>; **Smith, Christopher B** <christopher.b.smith@fema.dhs.gov>; **Long, Brock** <Brock.Long@fema.dhs.gov>; **Grant, David** <david.grant@fema.dhs.gov>; **Penn, Damon** <Damon.Penn@fema.dhs.gov>; **Heighberger, Eric** <eric.heighberger@fema.dhs.gov>
**Subject:** "Urgent Matter" Requesting HR Assistance as instructed by FEMA Security Rozland Best

3 of 10  Nina M Coleman emails between Personnel
Security Background Compliance Section

Morning, I contacted FEMA Security this morning as you will read below, trying to find out why WSP Inspection Services had informed me I was still listed as a Reservist, I received an SF-50 that shows terminated.

I am baffled at this point, why Security is informing me to contact HR or the Cadre to resign.

Could someone please assist me with this urgent matter?

If I am terminated,  why do I have to resign?

Please advise, thank you.


---------- Forwarded message ----------
From: "N Coleman" <ninacoleman7771@gmail.com>

Date: Jun 27, 2017 9:31 AM
Subject: Re: FW: Requesting date of official confirmation that signified to the Agency that termination letter was received and my current HR files.
To: "Best, Rozland" <Rozland.Best@fema.dhs.gov>
Cc:

Thanks for contacting me back. However, why should I have to resign if I was terminated?

On Jun 27, 2017 9:11 AM, "Best, Rozland" <Rozland.Best@fema.dhs.gov> wrote:

Please contact .. Cadre manager or HR specialist to resign as a Reservist.


**DHS/FEMA OCSO**

**Personnel Security**

**Attn:  Rozland Best**

**Background Compliance Section**

**Housing Inspector Unit**

**430 Market Street, Room 258**

4 of 10   Nina M C

**Winchester, VA 22603**

Please do not hesitate to contact me if you have questions or need assistance.

*Rozland Best*

**Security Specialist**

**HIS Compliance Section**

**Intake and Compliance Branch**

**Personnel Security Division**

**Office of the Chief Security Officer**

**DHS/FEMA**

**Blackberry:** 540-532-4271

**Desk:** 540-686-3561

**Fax:** 540-686-3577

Email:rozland.best@fema.dhs.gov

*This communication, along with any attachments, may contain confidential and/or sensitive attorney client privileged, attorney work product and/or U.S. Government information, and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please consult the Office of the General Counsel before disclosing any information contained herein. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Tuesday, June 27, 2017 9:53 AM
**To:** Best, Rozland <Rozland.Best@fema.dhs.gov>
**Subject:** Fwd: Requesting date of official confirmation that signified to the Agency that termination letter was received and my current HR files.

I sent this email yesterday.  I haven't heard back from anyone but remember you handled previous investigation reason I called you.

I've applied for other FEMA positons but haven't received any offers had one interview but if they hired me I am sure they would let me know, so I do not feel it's the case.

5910 Nina M Cole

I do not know who Jennifer with WSP spoke to on yesterday but called me back around 330pm and said FEMA security still showed me as a Reservist.

---------- Forwarded message ----------
From: "N Coleman" <ninacoleman7771@gmail.com>
Date: Jun 26, 2017 3:28 PM
Subject: Requesting date of official confirmation that signified to the Agency that termination letter was received and my current HR files.
To: "FEMA-WDD-Program-Travel" <FEMA-WDD-Program-Travel@fema.dhs.gov>, "Mahone, Racquel" <Racquel.Mahone@fema.dhs.gov>, "FEMA-HC-ServiceDesk" <FEMA-HC-SERVICEDESK@fema.dhs.gov>
Cc: "Benson, Shannon" <shannon.benson@fema.dhs.gov>, "FEMA-DSA-RSV" <fema-dsa-rsv@fema.dhs.gov>, "Skinner, Erik" <erik.skinner@fema.dhs.gov>,< christopher.b.smith@fema.dhs.gov>, <Alex.Amparo@fema.dhs.gov>, <lester.shoene@fema.dhs.gov>, "Green, Faye" <Faye.Green@fema.dhs.gov>, "Fenton, Robert" <robert.fenton@fema.dhs.gov>, "Sullivan, Robert" <robert.sullivan3@fema.dhs.gov>, "Jackson, Robyne" <Robyne.Jackson@fema.dhs.gov>, "Wallace, Tiffany" <tiffany.wallace@fema.dhs.gov>, <mark.graham@frma.dhs.gov>, < eric.heighberger@fema.dhs.gov>, "Veltri, Margaretta" <margaretta.veltri@fema.dhs.gov>, "Doolin, Joel" <joel.doolin@fema.dhs.gov>,< andrian.sevier@fema.dhs.gov>

Good afternoon, everyone.


It is now over a month since Wendy Brambila has asked someone from DSA Cadre to assist me with my inquiry: what is the official termination date (DSA should have a confirmation date of proof that shows letter was officially received by me.)


It is June 26, 2017 and I have not heard back from anyone in DSA regarding my inquiry.


The SF50 I received shows approval date as March 6, 2017.


I am only inquring because I am trying to move forwarded with finding work.


However, I am unable to return to life as a housing inspector because I am being told I still work for FEMA, first by Vanguard Housing Inspection Services who said I have to request another background investigation in 90 days and today WSP's representative has just informed me FEMA Security informed her, FEMA still shows me as a Reservist; therefore I could not work with both because it is conflict of interest, could someone please provide me answers to my inquiry or whom to contact regarding my status currently showing as a Reservist?


Thank you, kindly.


On May 17, 2017 2:53 PM, "FEMA-WDD-Program-Travel" <FEMA-WDD-Program-Travel@fema.dhs.gov> wrote:

6 0810   Nina M Coleman

Greetings,

Please assist with Nina Marie Coleman's inquiry.

Thank you and have a wonderful day!

*Wendy Brambila*

On behalf of FEMA-WDD-Program-Travel

Workforce Coordination Branch-Pasadena

Workforce Development Division

Field Operations Directorate

FEMA

855.377.3362 Toll Free

626.431.3096 Desk

626.431-3777 Fax

FEMA-WDD-Program-Travel@fema.dhs.gov

Hours of Operation- Monday thru Friday, 9:00AM to 6:00PM, Eastern Time

*This communication, along with any attachments, is For Official Use Only and is intended for internal use by the originating agency. It is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. It should not be forwarded without permission from the originator. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Tuesday, May 16, 2017 6:25 PM
**To:** FEMA-WDD-Program-Travel <FEMA-WDD-Program-Travel@fema.dhs.gov>
**Cc:** leoster.shoene@fema.dhs.gov; Mahone, Racquel <Racquel.Mahone@fema.dhs.gov>; FEMA-HC-ServiceDesk <FEMA-HC-ServiceDesk@fema.dhs.gov>; Skinner, Erik <erik.skinner@fema.dhs.gov>

70810  Nina M Coleman

**Subject:** RE: Requesting date of official confirmation that signified to the Agency that termination letter was received

Thank you for replying in a timely manner.

Sorry, I did not identify myself.

My full name is: Nina Marie Coleman

**Contact:** 214-563-5395.

On May 16, 2017 6:48 PM, "FEMA-WDD-Program-Travel" <FEMA-WDD-Program-Travel@fema.dhs.gov> **wrote**:

Greetings,

Please provide your name in order for us to direct your email to the appropriate party.

Thank you,

*Wendy Brandila*

On behalf of FEMA-WDD-Program-Travel

Workforce Coordination Branch-Pasadena

Workforce Development Division

Field Operations Directorate

FEMA

855.377.3362 Toll Free

626.431.3096 Desk

8 of 10 *Nina M Coleman*

626.431-3777 Fax

FEMA-WDD-Program-Travel@fema.dhs.gov

Hours of Operation- Monday thru Friday, 9:00AM to 6:00PM, Eastern Time

*This communication, along with any attachments, is For Official Use Only and is intended for internal use by the originating agency. It is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. It should not be forwarded without permission from the originator. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.*

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Tuesday, May 16, 2017 9:07 AM
**To:** Mahone, Racquel <Racquel.Mahone@fema.dhs.gov>; FEMA-HC-ServiceDesk <FEMA-HC-ServiceDesk@fema.dhs.gov>; FEMA-WDD-Program-Travel< FEMA-WDD-Program-Travel@fema.dhs.gov>
**Cc:** Skinner, Erik <erik.skinner@fema.dhs.gov>; leoster.shoene@fema.dhs.gov
**Subject:** Requesting date of official confirmation that signified to the Agency that termination letter was received

Ms. Mahone, FEMA HC Service Desk and/or IWMO, could you please provide me the date you have on file in which the termination letter shows confirmation that I personally received the termination letter.

I did not sign a termination letter, however, there should be documentation on file confirming it was received.

If you would like to provide this information to my case manager that would be fine.

Thank you.

9 q8 / 0
Nina M. Coleman

 Gmail

N Coleman <ninacoleman7771@gmail.com>

---

**6-28-17_Fwd: Eligibility for processing Coleman (FEMA Personnel Security)**
1 message

**N Coleman** <ninacoleman7771@gmail.com>
To: N Coleman <ninacoleman7771@gmail.com>

Sun, May 6, 2018 at 12:01 PM

---

---------- Forwarded message ----------
From: **N Coleman** <ninacoleman7771@gmail.com>
Date: Wed, Jun 28, 2017 at 9:55 AM
Subject: Fwd: Eligibility for processing Coleman
To: WSP Inspection Services <wspinspectionservices@wsp.com>

To whom if may concern, after speaking with Jennifer of WSP, I made contact with FEMA and seems the system wasn't updated.

Please see information below.

I have completed signing Application of Employment and Offer Letter and I am sending this email to commence with background investigation.

Thank you.
---------- Forwarded message ----------
From: "Baker-Francis, Jennifer" <Jennifer.Baker-Francis@fema.dhs.gov>
Date: Jun 28, 2017 9:37 AM
Subject: Eligibility for processing Coleman
To: "FEMA-VA-InspectionSecurity" <fema-va-inspectionsecurity@fema.dhs.gov>
Cc: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>, "Best, Rozland" <Rozland.Best@fema.dhs.gov>

Team,

It appears there has been some confusion regarding Ms. Nina Coleman (previously with Vanguard) attempting to be processed with Alltech. She is not active as a reservist and is not active with Vanguard and is eligible to begin processing through security with Alltech since 90 days have passed since her non-compliant status.  Please notify Alltech.

Thank you and should you have any questions, please let me know.

Jennifer

*Jennifer Baker-Francis*

Section Chief

Intake and Compliance Branch

Personnel Security Division

Office of the Chief Security Officer

DHS/FEMA/Mission Support

430 Market Street

Winchester, VA  22603

**WARNING:** This email contains FOR OFFICIAL USE ONLY (FOUO) OR PRIVACY DATA. It may contain information exempt from public release or any further dissemination/sharing pursuant to the Privacy Act and/or the Freedom of Information Act. The information contained herein must be protected, controlled, stored, handled, transmitted, distributed, and disposed in accordance with applicable FEMA Records Disposition policies and procedures and DHS policy relating to FOUO/PII information. It is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official.

10 0810   Nina M Coleman

Paper work on
WSP saying I
was pre-employment
qualification.

 Gmail

N Coleman <ninacoleman7771@gmail.com>

---

## WSP USA Inspection Services - Inspector Webpage Password

1 message

---

**wspinspectionservices@wsp.com** <wspinspectionservices@wspis.com>

Mon, Jun 19, 2017 at
6:34 PM

Reply-To: wspinspectionservices@wsp.com
To: ninacoleman7771@gmail.com

Thank you for your interest in becoming an inspector with WSP USA Inspection Services. You have
successfully completed our Pre-Employment Qualification process. Your inspector ID is: **P54344** and your
password to our portal system has initially been set to: **62322?**

**Please click here to watch a short video on what to expect next.**

Please store this information securely as you will need both your inspector ID and password in order to
login to your Inspector Webpage. At this site you will be able to change your password, update your
contact information, complete any outstanding documents, and review messages pertaining to employment
opportunities with WSP USA Services Inc.

Please see below for the next steps in the process:

1. An Application for Employment is now available in your Inspector Webpage.
2. Once you complete the Application, you will receive an Offer Letter in your Inspector Webpage. The
   Apprentice offer is given to those who have not performed FEMA disaster housing inspections
   previously. If you have performed FEMA inspections for a contractor other than WSP USA, you may
   submit proof (ex. QC scores, scorecard, invoice, copy of 1099) to wspinspectionservices@wsp.com
   and once verified, we will update your status within WSP USA's payroll system accordingly.
3. FEMA requires that you complete a Moderate Risk (SF85P) background investigation and receive a
   FEMA badge prior to completing inspections. **This background check will include a credit check.**
   This is time sensitive and Security typically allows you 7 days to submit the required paperwork once
   they send you the instructions.
4. If you accept the Offer Letter **and are ready to begin the FEMA required background check, please**
   notify the Inspector Services Department at 800-411-1177 (Monday-Friday 8-5ET).
5. Once FEMA notifies WSP USA Inspection Services of favorable results, we will be in touch to
   coordinate an on-boarding appointment with you so that you can complete the hiring process.
6. Once hired, we will work with you to coordinate an appointment so you can receive your FEMA
   badge at the nearest available DHS facility.
7. You will also begin receiving your online training so you can begin preparing for future events and
   we will contact you when we are holding workshops in your area.

If you have any questions about your status or the next steps in the process, please contact Inspector
Services at 800-411-1177 (Mon-Fri.8-5ET).

Regards,

WSP USA Inspection Services

Non-disclosure
agreement
Agreement

DEPARTMENT OF HOMELAND SECURITY

# NON-DISCLOSURE AGREEMENT

I, Nina M. Coleman _____, an individual official, employee, consultant, or subcontractor of or to FEMA _____ (the Authorized Entity), intending to be legally bound, hereby consent to the terms in this Agreement in consideration of my being granted conditional access to certain information, specified below, that is owned by, produced by, or in the possession of the United States Government.

(Signer will acknowledge the category or categories of information that he or she may have access to, and the signer's willingness to comply with the standards for protection by placing his or her initials in front of the applicable category or categories.)

Initials: _NC_    **Protected Critical Infrastructure Information (PCII)**

I attest that I am familiar with, and I will comply with all requirements of the PCII program set out in the Critical Infrastructure Information Act of 2002 (CII Act) (Title II, Subtitle B, of the Homeland Security Act of 2002, Public Law 107-296, 196 Stat. 2135, 6 USC 101 et seq.), as amended, the implementing regulations thereto (6 CFR Part 29), as amended, and the applicable PCII Procedures Manual, as amended, and with any such requirements that may be officially communicated to me by the PCII Program Manager or the PCII Program Manager's designee.

Initials: _NC_    **Sensitive Security Information (SSI)**

I attest that I am familiar with, and I will comply with the standards for access, dissemination, handling, and safeguarding of SSI information as cited in this Agreement and in accordance with 49 CFR Part 1520, "Protection of Sensitive Security Information," "Policies and Procedures for Safeguarding and Control of SSI," as amended, and any supplementary guidance issued by an authorized official of the Department of Homeland Security.

Initials: _NC_    **Other Sensitive but Unclassified (SBU)**

As used in this Agreement, sensitive but unclassified information is an over-arching term that covers any information, not otherwise indicated above, which the loss of, misuse of, or unauthorized access to or modification of could adversely affect the national interest or the conduct of Federal programs, or the privacy to which individuals are entitled under Section 552a of Title 5, as amended, but which has not been specifically authorized under criteria established by an Executive Order or an Act of Congress to be kept secret in the interest of national defense or foreign policy. This includes information categorized by DHS or other government agencies as: For Official Use Only (FOUO); Official Use Only (OUO); Sensitive Homeland Security Information (SHSI); Limited Official Use (LOU); Law Enforcement Sensitive (LES); Safeguarding Information (SGI); Unclassified Controlled Nuclear Information (UCNI); and any other identifier used by other government agencies to categorize information as sensitive but unclassified.

I attest that I am familiar with, and I will comply with the standards for access, dissemination, handling, and safeguarding of the information to which I am granted access as cited in this Agreement and in accordance with the guidance provided to me relative to the specific category of information.

I understand and agree to the following terms and conditions of my access to the information indicated above:

1. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of information to which I have been provided conditional access, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

2. By being granted conditional access to the information indicated above, the United States Government has placed special confidence and trust in me and I am obligated to protect this information from unauthorized disclosure, in accordance with the terms of this Agreement and the laws, regulations, and directives applicable to the specific categories of information to which I am granted access.

3. I attest that I understand my responsibilities and that I am familiar with and will comply with the standards for protecting such information that I may have access to in accordance with the terms of this Agreement and the laws, regulations, and/or directives applicable to the specific categories of information to which I am granted access. I understand that the United States Government may conduct inspections, at any time or place, for the purpose of ensuring compliance with the conditions for access, dissemination, handling and safeguarding information under this Agreement.

DHS Form 11000-6 (08-04)                                                                 Page 1

*Nina M Coleman* (signature)

Scanned by CamScanner

4. I will not disclose or release any information provided to me pursuant to this Agreement without proper authority or authorization. Should situations arise that warrant the disclosure or release of such information I will do so only under approved circumstances and in accordance with the laws, regulations, or directives applicable to the specific categories of information. I will honor and comply with any and all dissemination restrictions cited or verbally relayed to me by the proper authority.

5. (a) For PCII - (1) Upon the completion of my engagement as an employee, consultant, or subcontractor under the contract, or the completion of my work on the PCII Program, whichever occurs first, I will surrender promptly to the PCII Program Manager or his designee, or to the appropriate PCII officer, PCII of any type whatsoever that is in my possession.
(2) If the Authorized Entity is a United States Government contractor performing services in support of the PCII Program, I will not request, obtain, maintain, or use PCII unless the PCII Program Manager or Program Manager's designee has first made in writing, with respect to the contractor, the certification as provided for in Section 29.8(c) of the implementing regulations to the CII Act, as amended.
(b) For SSI and SBU - I hereby agree that material which I have in my possession and containing information covered by this Agreement, will be handled and safeguarded in a manner that affords sufficient protection to prevent the unauthorized disclosure of or inadvertent access to such information, consistent with the laws, regulations, or directives applicable to the specific categories of information. I agree that I shall return all information to which I have had access or which is in my possession 1) upon demand by an authorized individual; and/or 2) upon the conclusion of my duties, association, or support to DHS; and/or 3) upon the determination that my official duties do not require further access to such information.

6. I hereby agree that I will not alter or remove markings, which indicate a category of information or require specific handling instructions, from any material I may come in contact with, in the case of SSI or SBU, unless such alteration or removal is consistent with the requirements set forth in the laws, regulations, or directives applicable to the specific category of information or, in the case of PCII, unless such alteration or removal is authorized by the PCII Program Manager or the PCII Program Manager's designee. I agree that if I use information from a sensitive document or other medium, I will carry forward any markings or other required restrictions to derivative products, and will protect them in the same matter as the original.

7. I hereby agree that I shall promptly report to the appropriate official, in accordance with the guidance issued for the applicable category of information, any loss, theft, misuse, misplacement, unauthorized disclosure, or other security violation, I have knowledge of and whether or not I am personally involved. I also understand that my anonymity will be kept to the extent possible when reporting security violations.

8. If I violate the terms and conditions of this Agreement, such violation may result in the cancellation of my conditional access to the information covered by this Agreement. This may serve as a basis for denying me conditional access to other types of information, to include classified national security information.

9. (a) With respect to SSI and SBU, I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation of the information not consistent with the terms of this Agreement.
(b) With respect to PCII I hereby assign to the entity owning the PCII and the United States Government, all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation of PCII not consistent with the terms of this Agreement.

10. This Agreement is made and intended for the benefit of the United States Government and may be enforced by the United States Government or the Authorized Entity. By granting me conditional access to information in this context, the United States Government and, with respect to PCII, the Authorized Entity, may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I understand that if I violate the terms and conditions of this Agreement, I could be subjected to administrative, disciplinary, civil, or criminal action, as appropriate, under the laws, regulations, or directives applicable to the category of information involved and neither the United States Government nor the Authorized Entity have waived any statutory or common law evidentiary privileges or protections that they may assert in any administrative or court proceeding to protect any sensitive information to which I have been given conditional access under the terms of this Agreement.

Nina M Coleman

Non-Disclosure Agreement

Scanned by CamScanner

OF Form 306
Date 7-17-17
Declaration of Federal
Employment.

# Declaration for Federal Employment*

(*This form may also be used to assess fitness for federal contract employment)

Form Approved
OMB No. 3206-0182

## Instructions

The information collected on this form is used to determine your acceptability for Federal and Federal contract employment and your enrollment status in the Government's Life Insurance program. You may be asked to complete this form at any time during the hiring process. Follow instructions that the agency provides. If you are selected, before you are appointed you will be asked to update your responses on this form and on other materials submitted during the application process and then to recertify that your answers are true.

All your answers must be truthful and complete. A false statement on any part of this declaration or attached forms or sheets may be grounds for not hiring you, or for firing you after you begin work. Also, you may be punished by a fine or imprisonment (U.S. Code, title 18, section 1001).

Either type your responses on this form or print clearly in dark ink. If you need additional space, attach letter-size sheets (8.5" X 11"). Include your name, Social Security Number, and item number on each sheet. We recommend that you keep a photocopy of your completed form for your records.

## Privacy Act Statement

The Office of Personnel Management is authorized to request this information under sections 1302, 3301, 3304, 3328, and 8716 of title 5, U. S. Code. Section 1104 of title 5 allows the Office of Personnel Management to delegate personnel management functions to other Federal agencies. If necessary, and usually in conjunction with another form or forms, this form may be used in conducting an investigation to determine your suitability or your ability to hold a security clearance, and it may be disclosed to authorized officials making similar, subsequent determinations.

Your Social Security Number (SSN) is needed to keep our records accurate, because other people may have the same name and birth date. Public Law 104-134 (April 26, 1996) asks Federal agencies to use this number to help identify individuals in agency records. Giving us your SSN or any other information is voluntary. However, if you do not give us your SSN or any other information requested, we cannot process your application. Incomplete addresses and ZIP Codes may also slow processing.

ROUTINE USES: Any disclosure of this record or information in this record is in accordance with routine uses found in System Notice OPM/GOVT-1, General Personnel Records. This system allows disclosure of information to: training facilities; organizations deciding claims for retirement, insurance, unemployment, or health benefits; officials in litigation or administrative proceedings where the Government is a party; law enforcement agencies concerning a violation of law or regulation; Federal agencies for statistical reports and studies; officials of labor organizations recognized by law in connection with representation of employees; Federal agencies or other sources requesting information for Federal agencies in connection with hiring or retaining, security clearance, security or suitability investigations, classifying jobs, contracting, or issuing licenses, grants, or other benefits; public and private organizations, including news media, which grant or publicize employee recognitions and awards; the Merit Systems Protection Board, the Office of Special Counsel, the Equal Employment Opportunity Commission, the Federal Labor Relations Authority, the National Archives and Records Administration, and Congressional offices in connection with their official functions; prospective non-Federal employers concerning tenure of employment, civil service status, length of service, and the date and nature of action for separation as shown on the SF 50 (or authorized exception) of a specifically identified individual; requesting organizations or individuals concerning the home address and other relevant information on those who might have contracted an illness or been exposed to a health hazard; authorized Federal and non-Federal agencies for use in computer matching; spouses or dependent children asking whether the employee has changed from a self-and-family to a self-only health benefits enrollment; individuals working on a contract, service, grant, cooperative agreement, or job for the Federal government; non-agency members of an agency's performance or other panel; and agency-appointed representatives of employees concerning information issued to the employees about fitness-for-duty or agency-filed disability retirement procedures.

## Public Burden Statement

Public burden reporting for this collection of information is estimated to vary from 5 to 30 minutes with an average of 15 minutes per response, including time for reviewing instructions, searching existing data sources, gathering the data needed, and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to the U.S. Office of Personnel Management, Reports and Forms Manager (3206-0182), Washington, DC 20415-7900. The OMB number, 3206-0182, is valid. OPM may not collect this information, and you are not required to respond, unless this number is displayed.

U.S. Office of Personnel Management
5 U.S.C. 1302, 3301, 3304, 3328 & 8716

Optional Form 306
Revised October 2011
Previous editions obsolete and unusable

Scanned by CamScanner

# Declaration for Federal Employment*

Form Approved:
OMB No. 3206-0182

(*This form may also be used to assess fitness for federal contract employment)

## GENERAL INFORMATION

1. **FULL NAME** (Provide your full name. If you have only initials in your name, provide them and indicate "Initial only". If you do not have a middle name, indicate "No Middle Name". If you are a "Jr.", "Sr.", etc. enter this under Suffix. First, Middle, Last, Suffix)

    ♦ Nina Marie Coleman

| 2. SOCIAL SECURITY NUMBER | 3a. PLACE OF BIRTH (Include city and state or country) |
|---|---|
| ♦ 453858105 | ♦ Dallas, Texas |

| 3b. ARE YOU A U.S. CITIZEN? | 4. DATE OF BIRTH (MM / DD / YYYY) |
|---|---|
| [X] YES    [ ] NO (If "NO", provide country of citizenship) ♦ | ♦ 07/07/1971 |

| 5. OTHER NAMES EVER USED (For example, maiden name, nickname, etc) | 6. PHONE NUMBERS (Include area codes) |
|---|---|
| ♦ NA | Day ♦ 214-563-5395 |
| ♦ | Night ♦ |

## Selective Service Registration

If you are a male born after December 31, 1959, and are at least 18 years of age, civil service employment law (5 U.S.C. 3328) requires that you must register with the Selective Service System, unless you meet certain exemptions.

7a. Are you a male born after December 31, 1959?      [ ] YES      [X] NO (If "NO", proceed to 8.)

7b. Have you registered with the Selective Service System?      [ ] YES (If "YES", proceed to 8.)   [X] NO (If "NO", proceed to 7c.)

7c. If "NO," describe your reason(s) in item 16.

## Military Service

8. Have you ever served in the United States military?      [ ] YES (If "YES", provide information below) [X] NO

    If you answered "YES," list the branch, dates, and type of discharge for all active duty.
    If your only active duty was training in the Reserves or National Guard, answer "NO."

| Branch | From (MM/DD/YYYY) | To (MM/DD/YYYY) | Type of Discharge |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## Background Information

For all questions, provide all additional requested information under item 16 or on attached sheets. The circumstances of each event you list will be considered. However, in most cases you can still be considered for Federal jobs.

For questions 9,10, and 11, your answers should include convictions resulting from a plea of *nolo contendere* (no contest), but omit (1) traffic fines of $300 or less, (2) any violation of law committed before your 16th birthday, (3) any violation of law committed before your 18th birthday if finally decided in juvenile court or under a Youth Offender law, (4) any conviction set aside under the Federal Youth Corrections Act or similar state law, and (5) any conviction for which the record was expunged under Federal or state law .

| | | | |
|---|---|---|---|
| 9. During the last 7 years, have you been convicted, been imprisoned, been on probation, or been on parole? (Includes felonies, firearms or explosives violations, misdemeanors, and all other offenses.) If "YES," use item 16 to provide the date, explanation of the violation, place of occurrence, and the name and address of the police department or court involved. | [ ] YES | [X] NO |
| 10. Have you been convicted by a military court-martial in the past 7 years? (If no military service, answer "NO.") If "YES," use item 16 to provide the date, explanation of the violation, place of occurrence, and the name and address of the military authority or court involved. | [ ] YES | [X] NO |
| 11. Are you currently under charges for any violation of law? If "YES," use item 16 to provide the date, explanation of the violation, place of occurrence, and the name and address of the police department or court involved. | [ ] YES | [X] NO |
| 12. During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency? If "YES," use item 16 to provide the date, an explanation of the problem, reason for leaving, and the employer's name and address. | [X] YES | [ ] NO |
| 13. Are you delinquent on any Federal debt? (Includes delinquencies arising from Federal taxes, loans, overpayment of benefits, and other debts to the U.S. Government, plus defaults of Federally guaranteed or insured loans such as student and home mortgage loans.) If "YES," use item 16 to provide the type, length, and amount of the delinquency or default, and steps that you are taking to correct the error or repay the debt. | [ ] YES | [X] NO |

**U.S. Office of Personnel Management**

Optional Form 306
Revised October 2011
Previous editions obsolete and unusable

5 U.S.C. 1302, 3301, 3304, 3328 & 8716

Scanned by CamScanner

*no 2 Declaration for Federal Employment pg 2*

# Declaration for Federal Employment*

Form Approved:
OMB No. 3206-0182

(*This form may also be used to assess fitness for federal contract employment)

## Additional Questions

14. Do any of your relatives work for the agency or government organization to which you are submitting this form? (Include: father, mother, husband, wife, son, daughter, brother, sister, uncle, aunt, first cousin, nephew, niece, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, stepfather, stepmother, stepson, stepdaughter, stepbrother, stepsister, half brother, and half sister.) If "YES," use item 16 to provide the *relative's name, relationship, and the department, agency, or branch of the Armed Forces for which your relative works.*  ☐ YES  ☒ NO

15. Do you receive, or have you ever applied for, retirement pay, pension, or other retired pay based on military, Federal civilian, or District of Columbia Government service?  ☐ YES  ☒ NO

## Continuation Space / Agency Optional Questions

16. Provide details requested in items 7 through 15 and 18c in the space below or on attached sheets. Be sure to identify attached sheets with your name, Social Security Number, and item number, and to include ZIP Codes in all addresses. If any questions are printed below, please answer as instructed *(these questions are specific to your position and your agency is authorized to ask them).*

I was wrongfully terminated, SF50 approval date:March 6, 2017. I was charge with (1) ignoring Supervisor's instructions and not completing travel by Dec 23, 2016 (24 hours) and (2) not following FEMA travel policy: not having prior approval to drive, not attaching cost comparison to travel voucher, and not preparing a cost comparison analysis. I provided Acting Administrator and Employee Services a signed cost comparison by Supervisor, dated Dec 23-26, 2016, my cost comparison analysis from National Travel and FEMA paid travel authorization Jan 6, 2017; charge #2 was then reversed and charge #1 would not be reversed because I did not appeal in time. On Dec 22, I informed Supervisor and Taskforce Lead mapquest showed travel 21 hours from VA Beach to Dallas, TX. Ms. Dawson, the supervisor did not mention or ask if I would complete travel within 24 hours at this time; I informed Cadre Manager, I did not know when travel had to be completed and that I could not complete travel in 24 hours; travel day was Dec 23, 2016. Dec 24, Ms. Dawson apologized she assumed travel was one day, she also advised when I asked should I stop travel and proceed on Monday since there was a problem traveling on Sat on VA disaster, she stated to continue travel, next time let Branch Director know travel plans ahead of time. Dec 13, I told supervisor I was driving home, plan to checkout Dec 22/travel Dec 23. I thought the incident was resolved at the lowest level; a month and 4 days later I found out I was reported for being non-compliant when demobbing from VA and Racquel Mahone, DSA Cadre Manager terminated me. 500 C St. SW, Washington, DC. 20024

## Certifications / Additional Questions

**APPLICANT: If you are applying for a position and have not yet been selected,** carefully review your answers on this form and any attached sheets. When this form and all attached materials are accurate, read item 17, and complete item 17a.

**APPOINTEE: If you are being appointed,** carefully review your answers on this form and any attached sheets, including any other application materials that your agency has attached to this form. If any information requires correction to be accurate as of the date you are signing, make changes on this form or the attachments and/or provide updated information on additional sheets, initialing and dating all changes and additions. When this form and all attached materials are accurate, read item 17, complete 17b, read 18, and answer 18a, 18b, and 18c as appropriate.

17. I certify that, to the best of my knowledge and belief, all of the information on and attached to this Declaration for Federal Employment, including any attached application materials, is true, correct, complete, and made in good faith . I understand that a false or fraudulent answer to any question or item on any part of this declaration or its attachments may be grounds for not hiring me, or for firing me after I begin work, and may be punishable by fine or imprisonment. I understand that any information I give may be investigated for purposes of determining eligibility for Federal employment as allowed by law or Presidential order. I consent to the release of information about my ability and fitness for Federal employment by employers, schools, law enforcement agencies, and other individuals and organizations to investigators, personnel specialists, and other authorized employees or representatives of the Federal Government. I understand that for financial or lending institutions, medical institutions, hospitals, health care professionals, and some other sources of information, a separate specific release may be needed, and I may be contacted for such a release at a later date.

17a. Applicant's Signature: _(signature)_   Date _7-7-17_

(Sign in ink)

17b. Appointee's Signature: _____   Date _____

(Sign in ink)

**Appointing Officer:**
Enter Date of Appointment or Conversion
MM / DD / YYYY

18. Appointee (Only respond if you have been employed by the Federal Government before): Your elections of life insurance during previous Federal employment may affect your eligibility for life insurance during your new appointment. These questions are asked to help your personnel office make a correct determination.

| | | |
|---|---|---|
| 18a. When did you leave your last Federal job? | DATE: | MM / DD / YYYY |
| 18b. When you worked for the Federal Government the last time, did you waive Basic Life Insurance or any type of optional life insurance? | ☐ YES  ☐ NO  ☐ DO NOT KNOW | |
| 18c. If you answered "YES" to item 18b, did you later cancel the waiver(s)? If your answer to item 18c is "NO," use item 16 to identify the type(s) of insurance for which waivers were not canceled. | ☐ YES  ☐ NO  ☐ DO NOT KNOW | |

U.S. Office of Personnel Management

5 U.S.C. 1302, 3301, 3304, 3328 & 8716

Optional Form 306
Revised October 2011
Previous editions obsolete and unusable

_(handwritten signatures) Nina Coleman_

pg 3 declaration for federal employment

Scanned by CamScanner

Letter requesting
Clarifying questions
~~for~~ From 306 Form.

U.S. Department of Homeland Security
Washington, DC  20472

 **FEMA**

July 25, 2017

Nina Marie Coleman
4525 Malden Lane
Dallas, TX 75216

Ms. Coleman,

This letter is in reference to your recent submission for a background investigation to be completed on you as a requirement to determine your suitability for entry on duty (EOD) as a contract employee with FEMA.  Preliminary background checks disclosed one or more issues of concern that need clarification and/or additional information.

In order to find you suitable for entry on duty with FEMA, you must provide information that sufficiently mitigates and/or clarifies the issue(s) of concern. Please respond in writing and individually address each issue identified herein.

**OF306, dated 7/7/2017 revealed the following:**
You answered "yes" to question 12 which asked in the last 5 years, have you been fired form any job for any reason. You indicated you were wrongfully terminated on 3/6/2017 for not having a prior approval to drive, not attaching cost comparison to travel voucher and not preparing a cost comparison analysis.

1. Please provide a detailed statement describing all the circumstances that led to you being fired, terminated and left under unfavorable circumstances. Include a detail explanation of the reason for the termination.- *The explanation on the OF306 is somewhat unclear, can you please clarify the dates of the incident, the date you were notified you needed to file a cost comparison to travel by POV and the date you filed an appeal.*
2. Were you aware of the policy prior to your travel?  Yes, and followed it, Supervisor did not asked, just accused
3. Have you had any other non-compliant violations of this nature?   NO
4. Do you have any documentation and/or email correspondence related to this termination? If, so please provide a copy.    Yes
5. Did you received any benefits while unemployed?   Reservist do not have benefits when not deployed.
6. Did this/these terminations involve any misconduct, negligence, policy violation, etc. on your part?   NO, I was falsely accused of not following Travel Policy, once provided evidence it was reversed.
7. Do you believe you violated any oral, written or otherwise recorded agreement made between you and your employer?   NO
8. Was it a single incident, or were you cited for a pattern of rules violations, conduct or disciplinary issues? (at this or any other employment).   NO
9. Was it a performance issue?   NO
10. Were there any other episodes of misconduct or negligence?
    NO miscondutct or negligence, I was falsely accused.

www.fema.gov

11. Please provide any paperwork you have regarding the incident and termination of employment        Please see attached

**Note**: If pertinent and relevant to you, feel free to provide any documentation available to you that would support your claims and potentially mitigate this issue in your case.

Please respond no later than *15 calendar days* from the date of this letter. *This 15-day period constitutes your only opportunity to appeal the pending unsuitable decision.* The information you provide will be considered along with other documentation to determine your suitability for employment with FEMA. **Failure to respond or failure to mitigate these issues will result in an unsuitable determination that will make you ineligible for employment with FEMA.**

Please forward your written response to one of the following:

1. *HIS Intake and Compliance*
   *Personnel Security Branch*
   *430 Market Street, Room 250*
   *Winchester, VA 22603*
   *TO BE OPENED BY: HIS Adjudication Team*
   *ATTN: Gina Helms*
2. **Email:** gina.helms@fema.dhs.gov

The aforementioned process is being completed in an effort to determine your suitability for **Entry on Duty (EOD) ONLY.** If you successfully mitigate the issues that require clarification and/or additional information, you will be processed for a full background investigation. Once the full background investigation is completed it will be used to determine your final employment suitability as a contract employee with FEMA. If the same or new issues arise during the full background investigation, you may be required to provide further clarification and/or additional information to mitigate the issues. Failure to do so could affect your continued employment with FEMA.

If you have any questions concerning this matter, please contact me at gina.helms@fema.dhs.gov

Sincerely,

Gina C. Helms
Personnel Security Specialist

Scanned by CamScanner

Instructions for
Responding to a letter
of Interrogatory
from Gina Helens

## Instructions for Responding to a Letter of Interrogatory (LOI)

If you choose to respond, the following instructions are provided to assist you in preparing your response. Please follow these instructions explicitly. Using a letter format, you must refute, mitigate and/or explain each suitability concern addressed. Please provide supporting documentation whenever possible to resolve or justify your case. For financial issues, supporting documentation must be provided.

1.) **Meeting Time Sensitive Deadlines.** You have 15 calendar days to respond from the date of the letter of interrogatory. **If you fail to meet the established deadlines, our decision will become final based upon review of available information.** If there are extenuating circumstances or if you are currently deployed to a disaster, contact this office immediately to discuss your deadline.

2.) **Carefully review the summary of each issue.**
   a. Is the information accurate?
   b. Is the information true but you feel there are extenuating circumstances that might lessen the severity of the disqualifying information.

3.) **Preparing and Writing your Response.** Once you have reviewed all information, organize your thoughts and documentation. If there are specific questions listed in the Notice of Proposed Action, please ensure that you have read fully all questions.
   a. Write a clear and concise explanation or answer that addresses each suitability concern and/or question separately. Explain the circumstances surrounding the issue (even if you have previously provided this information on your security questionnaire or to an investigator).
   b. If derogatory information is not true, outline why you believe there is an error.
   c. If the derogatory information is true but you feel that there are extenuating or mitigating circumstances, please provide information that that may cause an adjudicator to weigh or interpret the derogatory information differently.
   d. Provide copies of any supporting documentation that proves the information is inaccurate or explains the extenuating circumstances.
   e. Please keep copies of your responses and supporting documentation for your own personal records.

4.) **Providing Documentation to Support Your Responses.** Obtain documents, if applicable, to legitimately support your case. (i.e., Court records with details and/or dispositions of arrests; certificates of completion for rehabilitation programs; medical records and/or evaluations.)

5.) **Guidelines for Addressing Delinquent Financial Obligations.** In order for you to address the issue of your delinquent financial obligations you must submit documentation as requested below for each debt that is listed:

   a. Please provide any and all documentation regarding the debts listed in the LOI, to include documentation of efforts to satisfy them, copies of any negotiated

www.fema.gov

payment plans, or evidence that you have made your regularly scheduled payments.

b. If the statuses of the accounts listed in the LOI have changed, please provide documentation of the current status.

c. When creditors are contacted and payment arrangements are made, you must provide **documentation** from the creditor that this has occurred. You may provide receipts for payments or copies of cancelled checks.

d. If you are disputing any of these debts, **please provide documentation** of said dispute.

e. If you have entered into an agreement with a debt management agency, please provide a copy of the contract, a list of the creditors included in the plan and documentation that you are making payments as stated in the contract.

f. If you have filed for bankruptcy and the bankruptcy has been discharged, please furnish documentation of the discharge as well as a listing of the debts discharged.

g. If any of these debts are the result of medical expenses, please provide a statement detailing the circumstances surrounding the delinquency. (i.e. – Were you unemployed or uninsured?  Did your insurance company pay only a portion of your expenses?  Did you suffer a hospitalization or other serious medical condition?)  Please provide as much information as possible regarding the reason for the medical debts.

h. If you have made no effort to satisfy these debts, please provide your reason and your future intent regarding payment of these debts.

**6.) Forwarding Your Response.** Please print, sign and date your response. You may forward it to the point of contact referenced in the letter of interrogatory.

www.fema.gov

Scanned by CamScanner

Sent From Gina Helens

Notes 1-18-18
Call to Michelle
Trimmer

FEMA HR

1-18-17  HR                    TURNER   HR

Michelle
Trimmer                    Human Capital

1. ~~illegible~~              8606 - 896 - 8003

look into it
Who to do you report
OVER to.

---

2.  Who do you report manager's
    Who management the Manager.
    EAP.

                              ~~illegible~~ Benefits
                              Oct 1 2016
                              Sept 30 2017
                              2 awaken

---

3.  Why was I denied Security Clearance.
    Said some issue they may have found.

    Supervisor:
    ~~freeman cun~~           Printed case file
    ~~illegible~~             on what I did
                              not receive
                              a response
    ~~illegible~~ whether as   FE-MAA - personnel-security-
     african lookup case file              Costemer
    filed out everything Put on  Security Department  -Service
    Supervisors desk.            202-646-3790  @ FEMA
                                               DHS

1-22-18   notes
Call with
Anthony Clark

6 6 68 975 S/R
DPSC CCS Support

(772 - 526 - 1107

Office of Federal operations          William MACauley Judge
EEOC          202-663-4599   EEOC MI          212 - 336 - 3743

EEOC          Washington DC          HS-FEMA-00692-2013)
Judge                                 NY
Office   202 - 419 - 0713          212 - 336 - 3620
                  OFO.EEOV.GOV     Hearing Unit

2012   35 35      PER FEMA   EEOC          Notice
2/12                                       OF
         VER ⇒ 202 - 646 - 4122           Right
                                          TO
1-22-17   Personnel security             YOU
                                         SUE
MR.   pre appoint denied
Anthony   need investigation
Clark   misconduct employee          VCH251803
         Yor worke
         local hire.
    ⇒    3 cases
14.12    8/22/17   terminated terminated
5:00          not following FEMA travel policy
7-12     misconduct negative employment.
         Sept 2017  Case built
    ⇒    Feb 17  RSA Hearing canceled preparation
                                  All 10 day pay!!!
                                              Nina C

Scanned by CamScanner

Call notes
on Anthony Clark
1-23-18

1-22-17   Chp

10:20 am   Called Mr Clark got step
away from his desk

10:26 am   Mr Clark said hold a
second he would be right with
me.

Denied based on Kimural on
Nov 1, 2017 trial

2 Documents
expedite process
no mitigations
arrest / conviction - not good
finance - not good

Mitigated - regular Channel

Doesn't do onboarding

Reading on what's in System

Case file
~~~~~~~~~~~~~~~~~~~~~~~~~
~~~~~~~~ related demand Pre-Appeal

one up issue

- Misconduct or neglect in employment
  other docs loaded
  case docs: denied Security Clearance
  Agency sent reason Brett Long the
  Gina Helms

sent 4-11-17 ~~denied security clearance~~
to
them 1-10-18 denied Security Clearance
Have my letter but how does help
case file?
        Let he was looking for

- Gina Helms sent letter
  August 22, 2017 ~~did~~
  denied Security Clearance

  15 records in file

  ~~WSP~~ WSP ← showed in file

  I asked why I am unfit? Federal
  gov tells who can not work on
  contract for them

1-23-17 Call note pg 2

call cell phone
records call to
Anthony Clark and
office



Account Number: 226764567
Bill Period: Dec 28 - Jan 27, 2018



**Sprint**

*Call Details - (214) 563-5395 - Voice ...continued*

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| | 01:44 pm | (214) 767-0555 | DALLAS,TX | AU | 05:00 | - |
| | 01:50 pm | (214) 767-0555 | DALLAS,TX | AU | 07:00 | - |
| | 04:02 pm | (972) 885-6277 | DALLAS,TX | AU | 02:00 | - |
| | 08:37 pm | (972) 446-0302 | Incoming | AU | 08:00 | - |
| | 10:11 pm | (972) 934-6285 | Incoming | NW/AU | 02:00 | - |
| | 10:20 pm | (469) 684-1199 | GRAND PRAR,TX | NW/AU | 12:00 | - |
| Jan 17 | 09:15 am | (301) 343-4298 | Incoming | AU | 69:00 | - |
| | 10:30 am | (214) 251-5337 | DALLAS,TX | AU | 08:00 | - |
| | 11:41 am | (214) 634-4467 | DALLAS,TX | AU | 05:00 | - |
| | 11:48 am | (214) 634-4467 | DALLAS,TX | AU | 02:00 | - |
| | 11:55 am | (214) 634-4467 | DALLAS,TX | AU | 02:00 | - |
| | 12:56 pm | (515) 603-3186 | EAGLEGROVE,IA | AU | 94:00 | - |
| | 06:36 pm | (972) 803-3735 | DALLAS,TX | AU | 30:00 | - |
| | 07:12 pm | (214) 251-5337 | Incoming | AU | 08:00 | - |
| | 07:46 pm | (800) 432-1000 | Toll Free Call | AU | 01:00 | - |
| | 08:49 pm | (469) 518-6245 | DALLAS,TX | AU | 01:00 | - |
| Jan 18 | 07:25 am | (214) 251-5337 | Incoming | AU | 03:00 | - |
| | 07:40 am | (202) 663-4599 | WASHINGTON,DC | AU | 02:00 | - |
| | 07:57 am | (855) 377-3362 | Toll Free Call | AU | 01:00 | - |
| | 08:16 am | (855) 377-3362 | Toll Free Call | AU | 06:00 | - |
| | 08:22 am | (866) 896-8003 | Toll Free Call | AU | 18:00 | - |
| | 08:41 am | (202) 646-3790 | WASHINGTON,DC | AU | 11:00 | - |
| | 09:09 am | (202) 334-5445 | WASHINGTON,DC | AU | 06:00 | - |
| | 09:24 am | (214) 251-5337 | Incoming | AU | 01:00 | - |
| | 10:04 am | (214) 251-5337 | Incoming | AU | 02:00 | - |
| | 10:04 am | (214) 251-5337 | DALLAS,TX | 3W/AU | 01:00 | - |
| | 10:41 am | (866) 790-1674 | Toll Free Call | AU | 21:00 | - |
| | 01:36 pm | (214) 467-1177 | Incoming | AU | 04:00 | - |
| | 02:09 pm | (469) 518-2308 | DALLAS,TX | AU | 02:00 | - |
| | 02:15 pm | (469) 518-2308 | DALLAS,TX | AU | 01:00 | - |
| | 02:22 pm | (214) 671-9195 | DALLAS,TX | AU | 02:00 | - |
| | 02:53 pm | (469) 886-9060 | DALLAS,TX | AU | 03:00 | - |
| | 02:59 pm | (214) 467-1177 | DALLAS,TX | AU | 01:00 | - |
| | 03:00 pm | (214) 467-1177 | DALLAS,TX | AU | 01:00 | - |
| | 03:11 pm | (214) 251-5337 | Incoming | AU | 20:00 | - |
| | 05:06 pm | (214) 484-8695 | Incoming | AU | 04:00 | - |
| | 08:42 pm | (972) 446-0307 | Incoming | AU | 02:00 | - |
| | 08:46 pm | (469) 518-2310 | DALLAS,TX | AU | 02:00 | - |
| | 08:50 pm | (903) 917-4517 | LONGVIEW,TX | AU | 01:00 | - |
| | 09:13 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 03:00 | - |
| | 09:32 pm | (214) 251-5337 | Incoming | NW/AU | 02:00 | - |
| | 09:39 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 10:00 | - |
| Jan 19 | 07:39 am | (214) 251-5337 | Incoming | AU | 04:00 | - |
| | 08:19 am | (214) 251-5337 | Incoming | AU | 01:00 | - |
| | 08:46 am | (214) 528-6500 | DALLAS,TX | AU | 05:00 | - |
| | 09:34 am | (972) 803-3735 | Incoming | AU | 03:00 | - |
| | 09:37 am | (214) 251-5337 | DALLAS,TX | AU | 01:00 | - |
| | 09:56 am | (972) 228-3011 | DALLAS,TX | AU | 04:00 | - |
| | 10:00 am | (214) 251-5337 | DALLAS,TX | AU | 12:00 | - |
| | 06:44 pm | (202) 334-5445 | WASHINGTON,DC | AU | 01:00 | - |
| | 06:47 pm | (214) 251-5337 | Incoming | AU | 02:00 | - |
| | 08:40 pm | (214) 251-5337 | Incoming | AU | 05:00 | - |
| | 10:35 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 02:00 | - |
| Jan 20 | 08:09 am | (214) 251-5337 | DALLAS,TX | NW/AU | 03:00 | - |

Handwritten annotations (left margin):
855-377-3362: IA called scheduled an interview
202-334-5445: Washington Post # not related

Handwritten annotations (right):
- 202-663-4599: Federal Operations Equal Opportunity office
- 866-896-8003: HR Human Capital provided me personnel security customer service #, I had never heard of department until this day.
- 202-646-3790: I called and spk with Freeman, she was the one who handled my background back in Feb 2017 after I was terminated I reapplied with Vanguard, I was not able to do background investigation because FEMA still showed me as a reservist. She said she would provide my case file to her supervisor, that she would place it on her desk. When I asked who was her supervisor and she stated she could not tell me. She said someone would call me in a few days.

**Rate Type**

3W  Three Way Call
AU  Anytime/Plan Usage
NW  Night and Weekends

*Call Details - (214) 563-5395 - Voice continues...*



Account Number: 226764567
Bill Period: Dec 28 - Jan 27, 2018



Sprint

*Call Details - (214) 563-5395 - Voice ...continued*

| On | At | To / From | Destination | Rate | Mins | Cost |
|----|----|-----------|-------------|------|------|------|
| | 08:13 am | (214) 251-5337 | Incoming | NW/AU | 13:00 | - |
| | 10:23 am | (915) 759-6797 | EL PASO,TX | NW/AU | 02:00 | - |
| | 07:08 pm | (214) 333-2371 | DALLAS,TX | NW/AU | 04:00 | - |
| | 07:34 pm | (214) 251-5337 | Incoming | NW/AU | 08:00 | - |
| | 10:43 pm | (972) 803-3735 | DALLAS,TX | NW/AU | 11:00 | - |
| Jan 21 | 05:58 am | (915) 759-6797 | EL PASO,TX | NW/AU | 02:00 | - |
| | 06:00 am | VoiceMail | GRAND PRAR,TX | NW/AU | 04:00 | - |
| | 07:45 am | (202) 334-5445 | WASHINGTON,DC | AU | 20:00 | - |
| | 08:05 am | (202) 334-5445 | WASHINGTON,DC | AU | 66:00 | - |
| | 10:28 am | (800) 315-7260 | Toll Free Call | NW/AU | 02:00 | - |
| | 11:29 am | (972) 803-3735 | DALLAS,TX | NW/AU | 54:00 | - |
| | 12:31 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 03:00 | - |
| | 12:33 pm | (214) 251-5337 | Incoming | NW/AU | 09:00 | - |
| | 04:13 pm | (800) 743-8730 | Toll Free Call | NW/AU | 01:00 | - |
| | 04:21 pm | (800) 743-8730 | Toll Free Call | NW/AU | 02:00 | - |
| | 04:23 pm | (800) 743-8730 | Toll Free Call | NW/AU | 04:00 | - |
| Jan 22 | 07:44 am | (202) 646-3790 | WASHINGTON,DC | AU | 12:00 | - |
| | 08:09 am | (214) 251-5337 | DALLAS,TX | AU | 01:00 | - |
| | 08:22 am | (214) 251-5337 | Incoming | AU | 07:00 | - |
| | 09:25 am | (214) 289-7267 | GRAND PRAR,TX | AU | 02:00 | - |
| | 09:29 am | (202) 662-1000 | WASHINGTON,DC | AU | 02:00 | - |
| | 09:30 am | (202) 638-1501 | WASHINGTON,DC | AU | 04:00 | - |
| | 03:10 pm | (214) 753-2200 | DALLAS,TX | AU | 02:00 | - |
| | 03:50 pm | (214) 251-5337 | DALLAS,TX | AU | 33:00 | - |
| | 08:58 pm | (310) 736-2146 | CULVERCITY,CA | AU | 03:00 | - |
| Jan 23 | 07:20 am | (972) 803-3735 | Incoming | AU | 05:00 | - |
| | 07:34 am | (202) 663-4599 | WASHINGTON,DC | AU | 03:00 | - |
| | 07:37 am | (202) 663-4500 | WASHINGTON,DC | AU | 02:00 | - |
| | 07:39 am | (800) 669-4000 | Toll Free Call | AU | 01:00 | - |
| | 07:40 am | (800) 669-4000 | Toll Free Call | AU | 01:00 | - |
| | 07:41 am | (800) 669-4000 | Toll Free Call | AU | 18:00 | - |
| | 07:59 am | (202) 419-0713 | WASHINGTON,DC | AU | 06:00 | - |
| | 08:04 am | (202) 419-0713 | WASHINGTON,DC | AU | 13:00 | - |
| | 08:17 am | (212) 336-3620 | NEW YORK,NY | AU | 07:00 | - |
| | 08:24 am | (202) 663-4599 | WASHINGTON,DC | AU | 02:00 | - |
| | 08:28 am | (202) 646-4122 | WASHINGTON,DC | AU | 01:00 | - |
| | 08:29 am | (202) 212-3535 | WASHINGTON,DC | AU | 11:00 | - |
| | 08:40 am | (214) 251-5337 | DALLAS,TX | AU | 02:00 | - |
| | 08:51 am | (214) 528-6500 | DALLAS,TX | AU | 03:00 | - |
| | 08:54 am | (214) 251-5337 | DALLAS,TX | AU | 01:00 | - |
| | 08:56 am | (214) 251-5337 | Incoming | AU | 03:00 | - |
| | 09:28 am | (202) 804-7000 | WASHINGTON,DC | AU | 11:00 | - |
| | 10:34 am | (301) 343-4298 | CAPITOLHTS,MD | AU | 02:00 | - |
| | 10:41 am | (214) 251-5337 | DALLAS,TX | AU | 05:00 | - |
| | 10:46 am | (202) 804-7000 | WASHINGTON,DC | AU | 01:00 | - |
| | 10:48 am | (407) 340-4483 | ORLANDO,FL | AU | 01:00 | - |
| | 11:14 am | (301) 343-4298 | Incoming | AU | 37:00 | - |
| | 01:42 pm | (214) 251-5337 | Incoming | AU | 43:00 | - |
| | 03:09 pm | (202) 804-7088 | WASHINGTON,DC | AU | 09:00 | - |
| | 04:55 pm | (214) 251-5337 | Incoming | AU | 67:00 | - |
| | 09:38 pm | (972) 803-3735 | DALLAS,TX | NW/AU | 02:00 | - |
| | 10:07 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 01:00 | - |
| | 10:19 pm | (214) 251-5337 | Incoming | NW/AU | 30:00 | - |
| Jan 24 | 09:06 am | (214) 251-5337 | DALLAS,TX | AU | 03:00 | - |

Not related:
202-662-1000:
Washington
Ofc Bar Assoc,
and
202-638-1501:
office of
disciplinary
counseling

202-663-4599:
Federal
operations of
EEOC.
202-663-4500
the EEOC
Freedom of
information act
requester service
center.

202-646-3790: When I did not hear back from personnel security customer service I called back four days later, this is not continuous calling. I spoke with Mr. Clark, I informed him I spoke with Freeman on Jan 18 and that she would put file on her supervisor's desk. He said no one had spoken to him about my case. I informed him why I was calling this is when he went over I was terminated Aug 22, 2017 for not following FEMA's travel policy. He said he would have to call me back and look through my file, he said Gina Helms handled my case and that she had some documents password protected.

202-419-0713: not related, EEOC Washington Field office

202-646-4122: Willisa Donaldson FEMA OER Director
202-212-3535: FEMA Office of Equal Rights
202-804-7000: OSC Main Line
202-804-7088: OSC

**Rate Type**

**AU** Anytime/Plan Usage

**NW** Night and Weekends

*Call Details - (214) 563-5395 - Voice continues...*


**Sprint**

*Call Details - (214) 563-5395 - Voice ...continued*

| On | At | To / From | Destination | Rate | Mins | Cost |
|----|----|-----------|-------------|------|------|------|
| | 10:20 am | (202) 646-3790 | WASHINGTON,DC | AU | 55:00 | - |
| | 11:37 am | (800) 801-0598 | Toll Free Call | AU | 17:00 | - |
| | 12:58 pm | (972) 803-3735 | DALLAS,TX | AU | 02:00 | - |
| | 01:25 pm | (214) 251-5337 | Incoming | AU | 08:00 | - |
| | 01:41 pm | (214) 251-5337 | DALLAS,TX | AU | 01:00 | - |
| | 01:46 pm | (512) 243-7709 | CREEDMOOR,TX | AU | 03:00 | - |
| | 02:00 pm | (214) 742-5768 | DALLAS,TX | AU | 02:00 | - |
| | 02:05 pm | (214) 767-0555 | DALLAS,TX | AU | 04:00 | - |
| | 02:09 pm | (214) 251-5337 | DALLAS,TX | AU | 05:00 | - |
| | 02:13 pm | (202) 212-1385 | Incoming | CW/AU | 58:00 | - |
| | 04:12 pm | (888) 286-6700 | Toll Free Call | AU | 05:00 | - |
| | 04:20 pm | (800) 288-2020 | Toll Free Call | AU | 07:00 | - |
| | 04:27 pm | (800) 288-2020 | Toll Free Call | AU | 07:00 | - |
| | 04:46 pm | (214) 635-9617 | DALLAS,TX | AU | 04:00 | - |
| | 06:50 pm | (972) 803-3735 | DALLAS,TX | AU | 10:00 | - |
| | 07:56 pm | (214) 251-5337 | Incoming | AU | 11:00 | - |
| | 08:48 pm | (214) 251-5337 | DALLAS,TX | AU | 02:00 | - |
| Jan 25 | 12:30 pm | (214) 251-5337 | DALLAS,TX | AU | 02:00 | - |
| | 01:02 pm | (214) 251-5337 | Incoming | AU | 29:00 | - |
| | 03:43 pm | (972) 960-3177 | DALLAS,TX | AU | 01:00 | - |
| | 03:43 pm | (972) 960-3177 | DALLAS,TX | AU | 01:00 | - |
| | 03:51 pm | (972) 803-3735 | DALLAS,TX | AU | 37:00 | - |
| | 07:51 pm | (214) 251-5337 | DALLAS,TX | AU | 09:00 | - |
| | 08:09 pm | (800) 432-1000 | Toll Free Call | AU | 03:00 | - |
| | 10:27 pm | (469) 518-6184 | Incoming | NW/AU | 02:00 | - |
| | 10:28 pm | (972) 992-7332 | GRAND PRAR,TX | NW/AU | 02:00 | - |
| | 10:38 pm | (972) 992-7742 | Incoming | NW/AU | 05:00 | - |
| | 10:44 pm | (972) 992-7742 | GRAND PRAR,TX | NW/AU | 02:00 | - |
| Jan 26 | 10:09 am | (202) 212-1385 | WASHINGTON,DC | AU | 03:00 | - |
| | 10:45 am | (972) 803-3735 | Incoming | AU | 25:00 | - |
| | 11:50 am | (214) 522-0990 | DALLAS,TX | AU | 04:00 | - |
| | 01:35 pm | (214) 251-5337 | DALLAS,TX | AU | 14:00 | - |
| | 06:34 pm | (800) 432-1000 | Toll Free Call | AU | 02:00 | - |
| | 06:39 pm | (800) 432-1000 | Toll Free Call | AU | 02:00 | - |
| | 06:53 pm | (213) 741-3111 | Incoming | AU | 02:00 | - |
| | 08:51 pm | (214) 251-5337 | DALLAS,TX | AU | 14:00 | - |
| | 09:54 pm | (210) 355-5431 | SANANTONIO,TX | NW/AU | 07:00 | - |
| | 10:01 pm | (210) 355-5431 | SANANTONIO,TX | NW/AU | 04:00 | - |
| Jan 27 | 06:02 am | (323) 807-9144 | Incoming | AU | 09:00 | - |
| | 10:51 am | (210) 355-5431 | SANANTONIO,TX | NW/AU | 05:00 | - |
| | 11:03 am | (214) 251-5337 | DALLAS,TX | NW/AU | 01:00 | - |
| | 11:06 am | (214) 251-5337 | Incoming | NW/AU | 08:00 | - |
| | 12:46 pm | (214) 981-4375 | Incoming | NW/AU | 01:00 | - |
| | 02:42 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 07:00 | - |
| | 03:09 pm | (214) 251-5337 | DALLAS,TX | NW/AU | 01:00 | - |
| | 09:51 pm | (800) 892-2253 | Toll Free Call | NW/AU | 01:00 | - |
| | 10:01 pm | (469) 886-9060 | Incoming | NW/AU | 02:00 | - |

1-24-18, 202-646-3790 is when Mr. Clark provided me more detail on how the process goes. You may see my notes for details on what was discussed. As you see we spoke 55 minutes. I called him back to see had he spoken with Gina Helms who had told me he would have her contact me, she never did.

202-212-1385: Mr. Clark called from his mobile. We talked for 53 mins. At this time Mr. Clark was doing his job, once he knew about my case he no longer spoke with me and on his affidavit he has skipped over the truth. I did not agree with what he was saying because he said I was terminated on Aug 22, 2017 for not following FEMA's travel policy and that this was the cause of why I did not get the Local Hirer customer service position. Now he seems to act like the does not his exact words and has stated he only took my call because I kept calling but this is not true.

1-26-18: Here I called him back because he said he would call me back and had not. He had told me he would have Gina Helms to call me and she had not. I called to see if he had spoken to her and if she provided him the password so that he could review what she had placed in my file that was password protected.

On this day he knew about my cases and rushed me off the phone.

After this I believe we spoke only via email in which one email he tried to cancel but it still went out. I felt he tried to retrack it because the FEMA attorney Morgan Kinney had told the MSPB judge that I alleged I spoke with Mr. Clark that told me I did not get the local hire job because I was terminated on Aug 22, 2017 for not following FEMA's travel policy and this is not true.

**Rate Type**

**AU** Anytime/Plan Usage

**CW** Call Waiting

**NW** Night and Weekends

1-23-17 Call notes
to Anthony Clark

1-23-18

My concern Nov 1, 2017
He explains IIP procedure.

Caux, down

P.D. position description
did it require access.

Has to be A PD requesting security
clearance.

July of 2017, rec'd letter LOI
Gina Helms,
$ 7-25-17 read what
interrogation
✳ need concerns
has email for LOI

Gina password protected
Clark couldn't read email
I explained what I wrote in
interrogatory
letter from Mahone ORR
failure to follow instructions
must be completed by Friday.
3-23-2017 Mahone charge

(1)

Anthony Clark

Uploaded
7-31-17    explanation LoI

Why didn't have letter
from IRR to reverse charge.

Read termination Charges
Read appealed to Admin
Charge #2 reversed but would
not reverse because they
said I did not appeal in
time.
Read
Equal Rights CASE manager
advised not to respond

8-14-17 email Helms dated 8-15-17
7:40 am (asked me to hold on after
making statement)
Contact
Asked when I last spent to Helms told

34.26
returned
10:51

he      → 8-22-2017
Due to himself Contract
Go their shop Gina to see what
happen does not to speak incorrectly

him
after
8-22-17

Does
not

No → PD in File for Nov 1, 2017

_[handwritten, partly illegible]_

looking at 306, last 5 years
he said said or answered

Why is security blocking he said
they don't

Said terminate from FEMA

actually

said 306 terminate _(said)_

final decision says ok
misconduct open 1
day terminated 8-22-12
Gina ~~Holm~~ Helm.
doesn't show entry just description
~~some clerical~~

I mentioned 3-16-2017 document he said
~~that to~~ he would look. Then was
interrupted said would call back.

(7)

Cecilia Nadeau not removing
false info until told

| From: | Nadeau, Cecelia |
|---|---|
| To: | Young, Lynconyer |
| Cc: | Brown Davis, Kimberly |
| Subject: | RE: EEO Information Request (Nina Coleman) |
| Date: | Thursday, April 12, 2018 9:39:45 AM |
| Attachments: | image001.png |
| Sensitivity: | Confidential |

PW = NC04122018

*CC Nadeau*
**Branch Chief**
**Intake and Compliance Branch**
Personnel Security Division
Office of the Chief Security Officer
430 Market Street, Room 251
Winchester, Virginia 22603
Office   540-686-3176
Mobile  540-533-5651
FAX      540-686-4376

**WARNING**: This document is **FOR OFFICIAL USE ONLY (FOUO)** and may contain **PRIVACY SENSITIVE** information. Any misuse or unauthorized access may result in both civil and criminal penalties. It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information. This information shall not be distributed beyond the original addressees without prior authorization of the originator. This communication, along with any attachments, is covered by Federal and State law governing electronic communications and may contain restricted and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message.

**From:** Nadeau, Cecelia
**Sent:** Thursday, April 12, 2018 9:39 AM
**To:** Young, Lynconyer <Lynconyer.Young@fema.dhs.gov>
**Cc:** Brown Davis, Kimberly <kimberly.browndavis@fema.dhs.gov>
**Subject:** RE: EEO Information Request (Nina Coleman)
**Sensitivity:** Confidential

Lyn,

Please see attached.  PW for the 306 to follow.  The files/record on this subject is extensive so I have pulled the two most pertinent documents in relation to this specific complaint/inquiry. She continues to contest the information in the file as being false however until it is withdrawn or redacted by ELR or OCC it is factual regardless of how she perceives it.  At no time was she informed that Gina Helms was her POC for employment matter with contractor WPS (formerly Alltech).

Let me know if you need anything else.

*CC Nadeau*

**Branch Chief**
**Intake and Compliance Branch**
Personnel Security Division
Office of the Chief Security Officer
430 Market Street, Room 251
Winchester, Virginia 22603
Office   540-686-3176
Mobile  540-533-5651
FAX      540-686-4376

**WARNING**: This document is **FOR OFFICIAL USE ONLY (FOUO)** and may contain **PRIVACY SENSITIVE** information.  Any misuse or unauthorized access may result in both civil and criminal penalties.  It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information.  This information shall not be distributed beyond the original addressees without prior authorization of the originator. This communication, along with any attachments, is covered by Federal and State law governing electronic communications and may contain restricted and legally privileged information.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.

**From:** Young, Lynconyer
**Sent:** Wednesday, April 11, 2018 2:30 PM
**To:** Nadeau, Cecelia <Cecelia.Nadeau@fema.dhs.gov>
**Cc:** Brown Davis, Kimberly <kimberly.browndavis@fema.dhs.gov>
**Subject:** FW: EEO Information Request (Nina Coleman)
**Importance:** High
**Sensitivity:** Confidential

Hi CC,

Please see below request from EEO.  Please provide me the information and I will up load to her file.

Thanks,

Lyn Young
Director,
Management Support Division
Office of the Chief Security Officer
Federal Emergency Management Agency
Department of Homeland Security
202-646-3927 (Office)
202-664-6745 (Mobile)
Lynconyer.young@fema.dhs.gov

**WARNING**:  This document is **FOR OFFICIAL USE ONLY (FOUO)** and may contain **PRIVACY SENSITIVE** information. Any misuse or unauthorized access may result in both civil and criminal penalties.  It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information.  This

information shall not be distributed beyond the original addressees without prior authorization of the originator. This communication, along with any attachments, is covered by Federal and State law governing electronic communications and may contain restricted and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message.

**From:** Belanger, Demaris
**Sent:** Wednesday, April 11, 2018 2:24 PM
**To:** Young, Lynconyer <Lynconyer.Young@fema.dhs.gov>
**Subject:** EEO Information Request (Nina Coleman)
**Importance:** High
**Sensitivity:** Confidential

Greetings Lyn ☺

Hope you're enjoying the nice weather. We had a request regarding a former employee, Nina Coleman:

She is alleging that she attempted employment with a FEMA contracting company (WSP Inspections) and was denied employment because her background check had false information allegedly relating to her termination from FEMA. She is stating that Gina Helms sent her a letter indicating she was not suitable for employment with WSP Inspections and that she (Gina Helms) was the point of contact for WSP inspections for former employees background checks.

If you could provide any information on what is being reported from Nina Coleman's file, I'd greatly appreciate it. The claim is that her file should contain that she was terminated from FEMA on February 13, 2017 for not following supervisor's instructions and not completing travel by December 23, 2016.

Any clarification would be great.

Thanks!
~D
Demaris Belanger
Executive Officer
FEMA/Office of Equal Rights
Office: (202) 212-2182
Cell: (202) 258-7303
Demaris.Belanger@fema.dhs.gov

*WARNING:* This document is FOR OFFICIAL USEONLY (FOUO). It has to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information. This information shall not be distributed beyond the original addresses without prior authorization of the originator.



FEMA TRAVEL Service Ctr.
Vouchers DR4277CA
and DR4291VA are
fine.

FEMA TRAVEL Center
States Vouchers fine
FEMA paid vouchers
1-5-17

**2-7-18 RE: Inquiring on voucher accuracy. (sent to FEMA-FT-FFC)**
1 message

N Coleman <ninacoleman7771@gmail.com>
To: N Coleman <ninacoleman7771@gmail.com>                                              Sat, Mar 31, 2018 at 3:5

---------- Forwarded message ----------
From: "FEMA-FT-FFC" <FEMA-FT-FFC@fema.dhs.gov>
Date: Feb 7, 2018 3:02 PM
Subject: RE: Inquiring on voucher accuracy
To: "N Coleman" <ninacoleman7771@gmail.com>
Cc:

Hi Ms. Coleman,

The two vouchers (VCH251803 and VCH217590) in question have been carefully reviewed and it does not appear that a cost comparison is needed. Let me know if I can be of further assistance.

From: N Coleman [mailto:ninacoleman7771@gmail.com]
Sent: Friday, February 2, 2018 5:41 PM

To: FEMA-FT-FFC <FEMA-FT-FFC@fema.dhs.gov>
Subject: RE: Inquiring on voucher accuracy

Yes, I was advised by my cadre manager I did not follow FEMA travel policy for my last voucher of Dec 25, 2016 DR4291VA and I do not see how. I forgot to attach the cost comparison but FEMA still pa
it so I do not understand what I did wrong if I did anything wrong.

It's good to have this information for future reference as well.

Sincerely,

Nina M. Coleman, Contractor
Contact: 214-563-5395

On Feb 2, 2018 3:54 PM, "FEMA-FT-FFC" <FEMA-FT-FFC@fema.dhs.gov> wrote:

Is there any specific reason to be concerned about vouchers that were submitted and paid out back in 2016? Due to the high volume of calls and emails from travelers that are actively deployed
by FEMA, the Travel Helpline does not usually review or audit old paid out vouchers. We can assist if a voucher payment was not received or if an expense may have been accidently left off, we
will help with amending the authorization/voucher. If you do have a specific concern for a voucher that is over a year old, I can forward your email over to the Travel Payment & Audit unit to see
they can review.

Thank You,

**FEMA Travel Service Center**

**Help Line #: 866-333-1898**

Email: FEMA-FT-FFC@fema.dhs.gov

Concur Website: https://cge.concursolutions.com/

From: N Coleman [mailto:ninacoleman7771@gmail.com]
Sent: Friday, February 2, 2018 4:16 PM
To: FEMA-FT-FFC <FEMA-FT-FFC@fema.dhs.gov>
Subject: RE: Inquiring on voucher accuracy

Ok please let mw know if you catch anything after thoroughly looking.

Thanks so much for your assistance.

Sincerely,

Nina M. Coleman, Contractor
Contact: 214-563-5395

3/31/2018
Case 1:18-cv-02268-UNA Document 3 Filed 08/17/18 Page 104 of 114
Gmail - RE Inquiring on voucher accuracy. (sent to FEMA-FT-FFC)

On Feb 2, 2018 2:56 PM, "FEMA-FT-FFC" <FEMA-FT-FFC@fema.dhs.gov> wrote:

Nothing immediately caught my attention on the two vouchers I emailed over to you.

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Friday, February 2, 2018 3:44 PM
**To:** FEMA-FT-FFC <FEMA-FT-FFC@fema.dhs.gov>
**Subject:** RE: Inquiring on voucher accuracy

Ok, thank you, so you did not see any errors and the submission show I followed FEMA travel policy?

Sincerely,

Nina M. Coleman, Contractor
Contact: 214-563-5395

On Feb 2, 2018 2:17 PM, "FEMA-FT-FFC" <FEMA-FT-FFC@fema.dhs.gov> wrote:

Good afternoon Nina,

Listed below is a screen shot of the last eight vouchers you had submitted. It looks like the last one for DR-4291 (VCH251803) did end on 12/25/16 but the last one for DR-4277 (VCH21759) ended on 9/26/16. I have attached PDF's of those two vouchers.

The accounting system shows you were paid on 1/06/17 for VCH251803 (415.58 via direct deposit and 1,194.00 to the travel card) and on 10/12/16 for VCH217590 (609.43 via direct depo and 2,518.63 to the travel card).

The dates you have listed in the Trip Name are the dates listed in the voucher, below this screen shot I have included what disaster was charged for each voucher.

| Name | Type | TA Num | Trip Name | PHR # | Depart Date ▼ | Last Stamped | Status |
|------|------|--------|-----------|-------|---------------|--------------|--------|
| | Voucher | AUTH212078 | 12/20 - 12/25 Travel Voucher | | 12/20/2016 | 01/04/2017 | ACCEPT |
| VCH250954 | Voucher | AUTH206879 | 12/6/16 - 12/19/16 Voucher | | 12/06/2016 | 12/27/2016 | ACCEPT |
| VCH244482 | Voucher | AUTH203272 | 11/22-12/5 Travel Voucher | | 11/22/2016 | 12/07/2016 | ACCEPT |
| VCH243695 | Voucher | AUTH189000 | 11/8/16-11/21/16 | | 11/08/2016 | 12/05/2016 | ACCEPT |
| VCH234840 | Voucher | AUTH186910 | 10/26 - 11/08 Travel Voucher | | 10/26/2016 | 11/16/2016 | ACCEPT |
| | Voucher | AUTH161723 | 9/18 - 9/26 Travel Voucher | | 09/18/2016 | 10/07/2016 | ACCEPT |
| VCH211538 | Voucher | AUTH157077 | 9/4 - 9/17 Voucher | | 09/04/2016 | 09/21/2016 | ACCEPT |
| VCH210984 | Voucher | AUTH153651 | Louisiana 8/21-9/3 Voucher | | 08/21/2016 | 09/20/2016 | ACCEPT |

VCH251803 / 4291

VCH250954 / 4291

VCH244482 / 4291

VCH243695 / 4291

VCH234840 / 4284

VCH217590 / 4277

VCH211538 / 4277

VCH210984 / 4277

Thank You,

**FEMA Travel Service Center**

**Help Line #: 866-333-1898**

Email: FEMA-FT-FFC@fema.dhs.gov

Concur Website: https://cge.concursolutions.com/

3/31/2018          Case 1:18-cv-02268-UNA   Document 3   Filed 08/17/18   Page 105 of 114

Gmail - 2/2/18 RE: Inquiring on voucher accuracy. (sent to FEMA-PT-FFC)

**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Friday, February 2, 2018 1:04 PM
**To:** FEMA-FT-FFC <FEMA-FT-FFC@fema.dhs.gov>
**Subject:** Inquiring on voucher accuracy

Good afternoon

Could you check on my 2016 voucher for DR4277LA end date should be Oct 4, 2016 and DR4291VA end date should be Dec 25, 2016.

I want to ensure I prepared correctly and followed the travel policy. I'm assuming because they were paid that they are ok but doesn't hurt to make sure I did them correctly.

Thank you.

Sincerely,

Nina M. Coleman, Contractor
Contact: 214-563-5395

FEMA ATTY ADMITS
Reprisal, real reason
did not reverse all
false charges

Gmail - Fwd: (Agency admitted reprisal-did not reverse charge 1 because case filed against Karen Mann

 **Gmail**

N Coleman <ninacoleman7771@gmail.com>

---

## Fwd: (Agency admitted reprisal-did not reverse charge 1 because case filed against Karen Mann

1 message

---

**N Coleman** <ninacoleman7771@gmail.com>
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>

Mon, Oct 2, 2017 at 1:47 PM

---

---------- Forwarded message ----------
From: <tom@tru-legal.com>
Date: Sep 1, 2017 10:21 AM
Subject: RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
To: "Kinney, Morgan" <morgan.kinney@fema.dhs.gov>
Cc: "Vardy, Loretta" <Loretta.Vardy@fema.dhs.gov>, "N Coleman" <ninacoleman7771@gmail.com>, <tom@tru-legal.com>, <milagros@tru-legal.com>

Ms. Kinney,

Thank you. I have cc'ed Ms. Nina Coleman on this email. Please going forward please ensure that Ms. Nina Coleman is sent directly all emails or other correspondence/communication. Ms. Coleman similarly has my full permission to send correspondence and communicate directly to you and Ms. Loretta Vardy. **I will be out of the office starting today and not be returning until September 14, 2017, so it is very important that everyone is corresponding directly to Ms. Nina Coleman going forward until September 14, 2017 and she will be doing the same.**

Very sincerely,
Tom

**Thomas J. Urquidez**
------------------------------
Urquidez Law Firm, LLC
5440 Harvest Hill, Suite 145E
Dallas, Texas 75230
214.420.3366 (office)
940.224.6496 (cell)
214.206.9802 (fax)

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.

---

------- Original Message -------
Subject: RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
From: "Kinney, Morgan" <morgan.kinney@fema.dhs.gov>
Date: Thu, August 31, 2017 3:28 pm
To: "tom@tru-legal.com" <tom@tru-legal.com>
Cc: "Vardy, Loretta" <Loretta.Vardy@fema.dhs.gov>

Mr. Urquidez,

My comment relates to the fact that the incident which lead to Ms. Coleman's termination is not the first or only instance where she has had communication issues with management officials. **Specifically, in September of 2016 there were a few instances where she failed to follow the instructions of a different supervisor while deployed to a disaster, and again, had issues**

Gmail - Fwd: (Agency admitted reprisal did not reverse charge 1 because case filed against Karen Mann

**with the demobilization process.** We're obviously not here to litigate these matters in mediation, but those instances are taken into consideration when discussing settlement.

Regards,


Morgan Kinney
Trial Attorney
Personnel Law Branch (East)
FEMA, Office of Chief Counsel
Desk: 202-212-7101
Cell: 202-709-0631
Fax: 540-504-2553


This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this message in error, please reply immediately to the sender and delete this message. Thank you.

**From:** tom@tru-legal.com [mailto:tom@tru-legal.com]
**Sent:** Thursday, August 31, 2017 3:38 PM
**To:** Kinney, Morgan <morgan.kinney@fema.dhs.gov>
**Cc:** Vardy, Loretta <Loretta.Vardy@fema.dhs.gov>; N Coleman <ninacoleman7771@gmail.com>; tom@tru-legal.com
**Subject:** RE: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016

Ms. Kinney,

Thank you, and thank you and Ms. Vardy for your time this morning. Ms. Coleman did have a question. I have "cut and pasted" Ms. Coleman's question below.

"Could you find out what other issue did, Ms. Kinney mean? She said there were other issues. I'd like to know maybe I was reported and do not know. This will also help me with my decision. Thank you."

You have my permission to respond to all. Again, thank you,

Best regards,
Tom

**Thomas J. Urquidez**
-----------------------------------------------------------
Urquidez Law Firm, LLC
5440 Harvest Hill, Suite 145E
Dallas, Texas 75230
214.420.3366 **(office)**
940.224.6496 **(cell)**
214.206.9802 **(fax)**

CONFIDENTIALITY NOTICE: This e-mail and any files accompanying its transmission are intended only for the recipient to whom they are addressed. This transmission may be: (1) subject to the attorney-client privilege, (2) subject to the attorney work product privilege, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy, or disseminate this information. If you have received this in error, please notify the sender (only) and delete the message. Unauthorized interception, disclosure, copying, forwarding, or other distribution of this e-mail, including its attachments, is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

Thank you for your cooperation.


-------- Original Message --------
Subject: Nina Coleman v. DHS Agency No. HS-FEMA-27306-2016
From: "Kinney, Morgan" <morgan.kinney@fema.dhs.gov>
Date: Thu, August 31, 2017 2:10 pm
To: "tom@tru-legal.com" <tom@tru-legal.com>
Cc: "Vardy, Loretta" <Loretta.Vardy@fema.dhs.gov>


Mr. Urquidez,

As a follow-up to our discussion in today's mediation, I have looked into Ms. Coleman's
concerns about a 90-day and/or 3-year limitation on applying to various positions with the
Agency.  I have spoken with our Human Capital specialist that deals with Stafford Act
employees, and she has informed me of the following:

> 1.   The Agency has no policy that states an Official Reprimand must be removed
> from an employee's Official Personnel Folder (OPF) for at least ninety days prior to
> an application for employment being considered.
> 2.   The Agency also does not have a policy that prohibits an employee from
> applying to any position with the Agency,  if the employee's OPF shows a
> resignation (including a resignation from FEMA).

Please let me know if either or your client has any further questions about the above
information.  Thank you.

Regards,


Morgan Kinney
Trial Attorney
Personnel Law Branch (East)
Mission Support Division
FEMA, Office of Chief Counsel
Desk: 202-212-7101
Cell: 202-709-0631
Fax: 540-504-2553
morgan.kinney@fema.dhs.gov

This communication, along with any attachments, is covered by federal and state law governing electronic
communications and may contain confidential and legally privileged information.  If the reader of this message is not the
intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly
prohibited.  If you have received this message in error, please reply immediately to the sender and delete this message.
Thank you.

Applied for several
FEMA Reservist positions
they sent my Application
to ~~greated~~ qualified cadros

 Gmail

N Coleman <ninacoleman7771@gmail.com>

## Fwd: 8-31-17 (not selected for APO position) Application Status - Referred
1 message

**N Coleman** <ninacoleman7771@gmail.com>
To: "ninacoleman7771@gmail.com" <ninacoleman7771@gmail.com>

Thu, Nov 9, 2017 at 7:33 AM

---------- Forwarded message ----------
From: **Blair, Shannon** <shannon.blair@fema.dhs.gov>
Date: Fri, Sep 1, 2017 at 8:36 AM
Subject: RE: Application Status - Referred
To: N Coleman <ninacoleman7771@gmail.com>

Good morning,

The HR Cadre, who has not yet provided their results. However, due to the Hurricane Harvey response, it is anticipated they will not be making selections at this time. We encourage you to visit http://fema.usajobs.gov to view all of our current vacancies and apply to ones you are interested in. Thank you!

Respectfully,

Shannon Blair

Supervisory Human Resources Specialist

Federal Emergency Management Agency

Office of the Chief Component Human Capital Officer

Talent Acquisition Division | Stafford Act Staffing | Reservist/IMAT Team

**Office:** 540.686.3149 | **eFax:** 540.504.2259

HR Liaison Site: https://sites.fema.net/sites/HRLiaison/Pages/default.aspx

Hiring Guide for Managers and Hiring Toolkit: https://intranet.fema.net/org/ms/OCCHCO/TA/Pages/HiringToolkit.aspx

For human capital information you need, connect with OCCHCO's Human Capital Service Desk by phone (866) 896-8003 or by email FEMA-HC-ServiceDesk@fema.dhs.gov.

*Customer service is my priority. Please provide any feedback regarding my customer service to my supervisor Lorraine Cantolina at Lorraine.Cantolina@fema.dhs.gov.*

From: N Coleman [mailto:ninacoleman7771@gmail.com]
Sent: Thursday, August 31, 2017 8:48 AM
To: Blair, Shannon <shannon.blair@fema.dhs.gov>
Subject: RE: Application Status - Referred

Thanks for responding. May I ask what other cadre is reviewing my application?

On Aug 31, 2017 7:45 AM, "Blair, Shannon" <shannon.blair@fema.dhs.gov> wrote:

Good morning Nina,

I have followed up with the Logistics cadre and unfortunately you were not selected for a Logistics position. Your application is still under review by at least 1 other cadre at this time. Most cadres are a bit backlogged on reviewing applicants due to the overwhelming response to this job announcement but we hope to have final decisions made within the next two weeks. Thank you so much for your patience!

Respectfully,


Shannon Blair

Supervisory Human Resources Specialist

Federal Emergency Management Agency

Office of the Chief Component Human Capital Officer

Talent Acquisition Division | Stafford Act Staffing | Reservist/IMAT Team

**Office**: 540.686.3149 | **eFax**: 540.504.2259


HR Liaison Site: https://sites.fema.net/sites/HRLiaison/Pages/default.aspx

Hiring Guide for Managers and Hiring Toolkit: https://intranet.fema.net/org/ms/OCCHCO/TA/Pages/HiringToolkit.aspx

For human capital information you need, connect with OCCHCO's Human Capital Service Desk by phone (866) 896-8003 or by email FEMA-HC-ServiceDesk@fema.dhs.gov.


*Customer service is my priority. Please provide any feedback regarding my customer service to my supervisor Lorraine Cantolina at Lorraine.Cantolina@fema.dhs.gov.*




**From:** N Coleman [mailto:ninacoleman7771@gmail.com]
**Sent:** Wednesday, August 30, 2017 8:51 PM


**To:** Blair, Shannon <shannon.blair@fema.dhs.gov>
**Subject:** Re: Application Status - Referred


Hello, I hope this email finds you doing well.


I interviewed for an APO Specialist position on July 17, 2017, per your email you stated it was anticipated all selections for these Reservist positions to be made within 30 days. It has passed 30 days (about 45 days) and I was wondering who to contact to find out where I am within the application process.


I know you guys perhaps are busy due to Hurricane Harvey but hoping it would also expedite the hiring process as the Reservist workforce will need to expand to assist with the disaster.

Could you provide me the name of the contact person, to find out where I am in the hiring process? Or, if I was selected or not selected, because I have not heard back from anyone regarding my status.


Please advise, thank you.


Sincerely,


Nina M. Coleman

214-563-5395


On Tue, Jul 18, 2017 at 10:03 AM, Blair, Shannon <careerconnector@mgsapps.monster.com> wrote:

Dear NINA COLEMAN,

Thank you for your interest in the Federal Emergency Management Agency. We have reviewed your application for vacancy FEMA-17-SLB-123456-RSV, FEMA Reservist, IM-0301-00 position and found that you qualified for one or more Reservist cadres that you indicated you were interested in being considered for, therefore we have shared your application with the selecting officials for further review.

As each cadre handles the review and interview process slightly differently, the time frame for this process may vary; however, if a cadre wishes to contact you for an interview, they will do so directly via email or by calling the phone number listed on your resume. If you are selected for a Reservist position you will receive a tentative job offer via email, therefore please monitor your email spam folder over the next few weeks in the event correspondence is inadvertently routed there.

We anticipate all selections for these Reservist positions to be made within the next 30 days. Thank you for your patience and understanding during this process.

Respectfully,
Shannon Blair
Supervisory HR Specialist

JS 44  (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

**DEFENDANTS**

*(stamp)* AUG 17 2018
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** County of Residence of First Listed Plaintiff    Dallas, County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Washington, County DC
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*    No Attorney

*(stamp)* 3:18-CV2174-L

Attorneys *(If Known)* FEMA, Morgan Kinney, Personnel Law Branch East, Mission Support Division, FEMA Office of Chief Counsel

FEMA Mission Support Associate Chief Counsel Joshua Stanton and Deputy Chief Counsel: Joel Doolin

Plaintiff address:
2505 Wedglea Dr. Apt 127, Dallas, TX  75211

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

Agency EEO Case is passed the 180 days

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and Age Discrimination in Employment Act, 29 U.S.C. §621

Brief description of cause: DHS/FEMA personnel security placed false evidence in personnel file to prevent employment & several offers were withdrawn Agency won't correct false firing charges because of a protected activity against another Supervisor & DSA Manager did not treat my case like a white female

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $50,000 and job back

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*

EEO cases 2013 & 2016 were dismissed from Judge Frances DelToro & sent to DHS Civil Rights & Civil Liberties for Final Agency Decision

JUDGE    Theresa J. Chung

DOCKET NUMBER    DA-1221-17-0500-W-1

DATE    8-16-18

SIGNATURE OF ATTORNEY OF RECORD    Nina M. Coleman    *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE